# Ege *versus* Watts and Parker.

1. Mrs. Ege assigned a mortgage to Watts as security for specified debts, and afterwards assigned a judgment to Watts, he then having claims against her larger than the amount of the judgment; no specific appropriation was made by either party of the judgment. Equity would not compel him to appropriate any part of the judgment to the debt for which the mortgage was assigned.

2. Mrs. Ege assigned the judgment in consideration of a legacy due to Watts's wife. *Held*, that the question whether Watts could reduce the legacy to his possession was immaterial, as he had the right to receive the proceeds of the judgment assigned to pay it, whether he held for his own or his wife's use.

May 17th 1867. Before WOODWARD, C. J., THOMPSON, and AGNEW, JJ. STRONG and READ, JJ., absent.

Error to the Court of Common Pleas of *Cumberland county*.

Peter F. Ege, administrator, &c., of Mary Ege, deceased, brought an action of assumpsit to August Term 1864; against

5 P. F. SMITH—21

[Ege *v.* Watts.]

Frederick Watts and J. B. Parker, Esquires, and declared for money had and received by the defendants to the use of the plaintiff's intestate.

Mary Ege had been the executrix, &c., of her husband, Michael Ege, deceased, and Henrietta, a daughter of Michael Ege, was the wife of Judge Watts.

The intestate, in her lifetime, held a mortgage, dated April 2d 1853, against Robert Cornman, for $2000, payable in four equal annual instalments. On the 24th of March 1862 the defendants, who were attorneys at law of Mrs. Ege, collected the mortgage and entered satisfaction on the record, in the words " This mortgage is satisfied. Watts & Parker, attorneys for mortgagee." The plaintiff, having given these facts in evidence, rested.

The defendants then gave in evidence an assignment of the mortgage, dated August 16th, 1853, from Mrs. Ege to Judge Watts, " in consideration and as collateral security" for the payment of certain claims, amounting to $2046.79, due from her to him, set out in a statement preceding the assignment, and rested.

The plaintiff then gave in evidence in rebuttal a judgment in favor of Mrs. Ege, as executrix of Michael Ege, deceased, against Peter F. Ege for $15,200, and receipt, October 1st 1859, by Judge Watts, for the payment of $16,520.22, the debt and interest of the judgment; also, a statement in pencil, in the handwriting of Judge Watts, which stated the debt and interest on the judgment at $15,360, the interest being calculated to August 5th 1859; various claims of Judge Watts against Mrs. Ege, including the $2046.79, which the Cornman mortgage was assigned to pay, were deducted in this statement, leaving a balance of $2999.17 due to Mrs. Ege, as executrix, on the judgment.

The plaintiff also gave in evidence an assignment of this judgment to Judge Watts, August 5th 1859, "For and in consideration of the share and interest which my daughter Henrietta has in the estate of her deceased father, as a legatee under his will, and in consideration of the shares of my sons Andrew G. and Chas. N. Ege, which are now held and owned by Frederick Watts, Esq., and for and in consideration of money paid and advanced by him to and for me."

The defendants, in sur-rebuttal, gave in evidence payments by Judge Watts to and for Mrs. Ege, with interest to August 5th 1859, amounting to $10,748.98; also, proceedings in the Orphans' Court in relation to the estate of Michael Ege, deceased, by which there was found, August 9th 1859, to be in the hands of Mrs. Ege, as executrix of Michael Ege, $190,225; of which the shares of Mrs. Watts, Andrew G. Ege and Charles N. Ege would each be $31,704.16.

The court (Graham, P. J.), after referring to the facts, charged:—

[Ege v. Watts.]

"The plaintiff contends that the statement in pencil in the handwriting of Judge Watts shows that the claims in consideration of which the Cornman mortgage was assigned, were paid out of the money received on the assignment of the judgment against P. F. Ege, and therefore he is entitled to recover the $2000 received on the assignment of the Cornman mortgage. But this statement is not in law, and does not purport to be, an appropriation of the money received on the judgment against P. F. Ege. It was evidently made the 5th August 1859, for interest is calculated on the three first items to that date. This was before any money was received by Judge Watts on either assignment, for the Ege judgment was paid to him 1st October 1859, and the Cornman mortgage satisfied the 24th March 1862. This statement is not signed by Judge Watts, and no interest is calculated on payments amounting to $2376, which were made from 1849 to 1853. This paper appears to be a rough statement made by Judge Watts to show what amount of the judgment assigned to him against P. F. Ege, would be absorbed by payments to that date, not including his interest in the estate of Michael Ege, deceased, and it was evidently made the same day Mrs. Ege assigned to him the judgment against P. F. Ege; for the interest is calculated to the date of that assignment (5th August 1859).

"But it is further contended that Judge Watts has shown no assignment from Andrew G. and Chas. N. Ege, for their shares in their father's estate. Although Mrs. Ege recites these assignments in her assignment to Judge Watts, and probably would be estopped from denying them, it is immaterial in this case; for the interest of Judge Watts in right of his wife, exclusive of direct payments made to and for Mrs. Ege, would greatly overbalance the amount received on the assignment of the $15,200 judgment against P. F. Ege.

"But it is objected that this interest in the estate of Michael Ege, deceased, is payable to Mrs. Watts. And although Mrs. Ege, the executrix, assigned the judgment in consideration of her indebtedness, and the money was received by him, it was a mispayment.

"It is admitted that Judge Watts was married long prior to 1848. The legacy accrued before his marriage, and consequently he had a right to reduce it to possession."

After stating the items of charge and credit, including only Mrs. Watts's share, the judge concluded his charge, saying:—

"The evidence in this case is in writing, and as we consider the law applicable to the undisputed facts, there would be a large balance due to the defendant. Your verdict should therefore be in his favor."

The verdict was for the defendants, and the plaintiff having

[Ege *v.* Watts.]

removed the case to the Supreme Court, assigned the following errors :—

The court erred in instructing the jury that Judge Watts had such an interest in Michael Ege's estate, in right of his wife, as could be set off against the plaintiff's claim in this suit, and that, as that interest, added to the payments made for Mrs. Ege, largely exceeded the amount of the judgment assigned to him, and the mortgage-debt collected by him, the plaintiff could not recover.

In instructing the jury that, as Judge Watts was married prior to 1848, he had the *right* to reduce the legacy of his wife to possession and he could set it off in this suit.

In instructing the jury that the paper in the handwriting of Judge Watts did not show an appropriation of the judgment assigned by Mrs. Ege, as executrix, to him, to the payment of the moneys mentioned in the collateral assignment of the mortgage, and in withdrawing it from the jury.

*L. Todd*, for plaintiff in error, cited Johnston *v.* Johnston, 7 Casey 450 ; Mellinger *v.* Bausman, 9 Wright 522 ; Gicker *v.* Martin, 14 Id. 140.

*Henderson*, for defendants in error.

The opinion of the court was delivered, July 3d 1867, by

AGNEW, J.—The question in the court below was whether Mr. Watts was bound to refund to the estate of Mary Ege, the money received by him upon the Cornman mortgage. This mortgage had been assigned by Mrs. Ege to Mr. Watts, as collateral security for the payment of certain claims he had for money advanced to her. There was no direct payment of these claims, and the question was whether a subsequent assignment by Mrs. Ege to Mr. Watts of a judgment against Peter F. Ege, and the receipt of Mr. Watts of the money upon it, operated as a satisfaction of the claims secured by the Cornman mortgage. The Peter F. Ege judgment was assigned to Mr. Watts upon three severally recited considerations : 1st. On account of the share of Mrs. Watts in the estate of her father, of whose will Mrs. Ege was executrix and liable on a settled account to a large sum; 2d. On account of the shares of A. G. Ege and Charles N. Ege, of the same estate, which shares the assignment recites as being held and owned by Mr. Watts ; 3d. On account of the personal indebtedness of Mrs. Ege to Mr. Watts for moneys lent and advanced. From a pencil memorandum in the handwriting of Mr. Watts, evidently made on the same day of Mrs. Ege's assignment of the Peter F. Ege judgment, exhibiting her personal liabilities to Mr. Watts, and given in evidence by the plaintiff, we learn that she then owed Mr. Watts for moneys lent and advanced upwards of $12,000, including the

[Ege *v.* Watts.]

claims secured by the Cornman mortgage. At that time the shares of Mrs. Watts and A. G. and C. N. Ege in the estate of their father exceeded $95,000. The Peter F. Ege judgment on the day of the assignment was, with interest, only the sum of $15,360. The assignment of this judgment does not purport to be in payment of any of the claims, and no evidence was given of any appropriation made or to be made to any of them specifically, while altogether the claims exceeded the judgment many times. The pencil memorandum was not signed by Mr. Watts, and on its face discovered no intent to appropriate the judgment to any particular one of the three considerations stated in the assignment. As the case stood when Mr. Watts received payment of the Ege judgment in 1859, he had a right to apply it to any of the claims in his hands, or *pro rata* upon them; but he made no specific appropriation. But as his claims far exceeded the Ege judgment and the Cornman mortgage, equity would not compel him to apply any of the money to that part of his personal claim secured by the Cornman mortgage. He had a right therefore to receive the money upon the Cornman mortgage and retain it for the particular debt for which it was pledged.

But it is alleged that after the passage of the Act of 1848, Mrs. Watts's share in her father's estate became vested in herself, and that Mr. Watts lost his marital right to reduce it to possession for his own use. This is an immaterial question as the case stands. By the very terms of the assignment Mr. Watts has the right to receive and apply the money upon this share, and it is immaterial whether he receives it for his or for her use. It is sufficient now that Mrs. Ege herself assigned the judgment upon account of Mrs. Watts's share, whether she or he is the beneficial owner of it. Mr. Watts having a right to retain the Cornman mortgage to pay his own claims secured by it, the court below was right in holding that the plaintiff could not recover.

Judgment affirmed.