## Louisville Cotton Mills Co., Appellant, *v.* Fritz.

*Affidavit of defence—Sale on commission—Appropriation of payments.*

In an action, against an assignee for the benefit of creditors, in his individual capacity, to recover the price of goods claimed to have been consigned to his assignors and sold on commission, defendant filed an affidavit of defence, in which he averred that the suit should have been brought against him as assignee and not in his individual capacity ; that there was a course of dealing between plaintiff and defendant's assignors by which the latter were to sell goods in their own name to their own customers, without disclosing to the purchasers that plaintiff had any interest therein, or to plaintiff who the purchaser was ; that the assignors were to receive a commission of five per cent on sales, and all sales were to be accounted for to plaintiff at the price at which the goods were sold, less three per cent discount at ten days from date of bill, without regard to any different discount or credit allowed to customers, and that the assignors were to assume payment to plaintiff of the net proceeds of the sales; that the particular goods for which payment was claimed were sold Oct. 8, 1891 ; that on Jan. 5, 1892, the assignors paid to plaintiff the sum of five thousand dollars, and that at the time of such payment neither party made any appropriation of the payment to any specific item of sales ; that the appropriation of such payment by law would cover the amount claimed as being one of the oldest items of the account.   *Held,* that a rule for judgment was properly discharged.

Argued Jan. 26, 1893.   Appeal, No. 97, Jan. T., 1893, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1892, No. 126, in favor of defendant, Horace H. Fritz, discharging rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM, MITCHELL and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit for goods sold and delivered by commission merchants.

Plaintiffs claimed to recover the sum of $595.02 for goods alleged to have been sold by Jos. H. Coates & Co., defendant's assignors, on commission to one John Sidebotham on Oct. 8, 1891.   From the statement it also appeared that, on Jan. 14, 1892, Jos. H. Coates & Co. made a general assignment for the benefit of creditors to Horace H. Fritz, the defendant, and that on June 3, 1892, plaintiff notified Jos. H. Coates & Co. and

their assignee that they would apply the sum of $5,000 paid to to them on Jan. 5, 1892, to the settlement of such accounts as had been paid by Coates & Co.'s customers.

Defendant filed an affidavit of defence in which he averred that the suit should have been brought against him in his representative character as assignee for the benefit of creditors, and not against him individually. He also averred that there was no agreement between plaintiffs and his assignors for the sale of goods on commissions, and that on January, 1891, plaintiffs established a course of dealing with Jos. H. Coates & Co., by which Jos. H. Coates & Co. were to sell goods in their own name to their customers, without disclosing to the purchasers that the plaintiffs had any interest therein, or to the plaintiffs, who the purchaser of Jos. H. Coates was, and thereupon, when requested, plaintiffs would consign said goods so sold to Jos. H. Coates & Co. to enable them to complete such sales. Jos. H. Coates & Co. were, with an allowance for cash disbursed for freight, to receive a commission of five per cent on said sales, and all said sales were to be accounted for to the plaintiffs at the price at which they were sold, less three per cent discount, at ten days from date of bill, without regard to any different discount or credit which Jos. H. Coates & Co. had given their customers, and Jos. H. Coates & Co. were to assume the payment to the plaintiffs of the net proceeds of the sales as per the account rendered by them. Jos. H. Coates & Co. rendered to plaintiffs account sales for each month, and in said monthly account sales they averaged the amount due to plaintiffs of the net proceeds of all goods sold during that month, deducting commissions, discounts and freights. Jos. H. Coates & Co., prior to Nov. 1, 1891, had settled with plaintiffs for all sales made previous to Oct. 1, 1891. On Oct. 8, 1891, Jos. H. Coates & Co. sold to one John Sidebotham a bill of goods, shipped to them by plaintiffs, amounting to $556.20, and according to the usage existing between them did not disclose to the said Sidebotham that plaintiffs had any interest in said goods, or to plaintiffs who the purchaser was. Said bill was made payable to Jos. H. Coates & Co., as of 90 days from date of Nov. 2, 1891.

On Jan. 5, 1892, plaintiffs drew a draft upon Jos. H. Coates & Co. for the sum of $5,000, which draft was duly paid. That

neither Jos. H. Coates & Co., when paying said draft, nor plaintiffs, when receiving the money, made any specific appropriation of said $5,000 to any specific item of said sales at the time of said payment.

That the said sum of $5,000, thus paid with the previous payment and credits of $2,299.67, was sufficient in amount to settle in full with plaintiffs for the proceeds of all goods sold by Jos. H. Coates & Co. on their account prior to Nov. 1, 1891, and also for the proceeds of all goods sold prior to Dec. 1, 1891, less $503.75; and the residue of the balance due Jan. 1, 1892, then remaining unpaid to plaintiffs of $4,534.21, consisted of the balance of $503.75 due for goods sold in November, and for all of their goods sold during the month of December, 1891.

On January 14, 1892, Jos. H. Coates & Co. made a general assignment for the benefit of their creditors to defendant. On Jan. 21, 1892, John Sidebotham paid to Horace H. Fritz, the assignee aforesaid, the sum of $549.02 in full payment of said bill of $556.20, less an amount claimed by said Sidebotham to be due him by Jos. H. Coates & Co. of $7.18.

Deponent therefore averred that neither party having made any appropriation of the said sum of $5,000 so paid on Jan. 5, 1892, nor of the prior payment of $2,000, the law appropriates said sums to the payment of the oldest bills in their numerical order.

Rule for judgment discharged. Plaintiffs appealed.

*Error assigned* was discharge of rule.

*Samuel W. Cooper, Samuel Wagner* with him, for appellant, cited: Okie's Ap., 9 W. & S. 156; Jefferis's Ap., 33 Pa. 39; Story, Agency, § 215; Thompson v. Perkins, 3 Mason, 232; Gall v. Comber, 7 Taunt. 558; Peele v. Northcote, 7 Taunt. 478; Morris v. Cleasby, 4 M. & Sel. 566; Leverick v. Meigs, 1 Cow. 645; Bank v. King, 57 Pa. 202; Wilkinson v. Sterne, 9 Mod. 427; Peters v. Anderson, 5 Taunt. 596; Philpott v. Jones, 2 A. & E. 41; Mills v. Fowkes, 5 Bing. N. C. 455; Simson v. Ingham, 2 B. & C. 65; Mayor v. Patten, 4 Cranch, 317; Heilbron v. Bissell, 1 Bailey's Eq. 430; Moss v. Adams, 4 Ired. Eq. 42; Briggs v. Williams, 2 Vt. 283; Schuelenburg v. Martin, 2 Fed. R. 747; Upham v. Lefavour, 11 Met. 174;

Garrett's Ap., 100 Pa. 597; Pardee v. Markle, 5 Atl. R. 36; Johnson's Ap., 37 Pa. 268; Pierce v. Sweet, 33 Pa. 151; Evans, Agency, pp. 467, 480.

*William C. Hannis*, for appellee, cited: Blackwood v. Dean, 5 Lanc. L. R. 213; Souder v. Schechterly, 91 Pa. 83; Pardee v. Markle, 111 Pa. 548; McKee v. Com., 2 Grant, 24; Speck v. Com., 3 W. & S. 324; Reed v. Ward, 22 Pa. 144; Hollister v. Davis, 54 Pa. 508; Pierce v. Sweet, 33 Pa. 151; Weightman's Ap., 10 W. N. 155; Claflin v. Swoyer, 5 Kulp, 107; Harker v. Conrad, 12 S. & R. 301; Chancellor v. Schott, 23 Pa. 68; Berghaus v. Alter, 9 Watts, 386; Greene v. Tyler, 39 Pa. 361; Story, Agency, § 25; Story, Eq., § 459.

PER CURIAM, February 6, 1893:

We do not find any error in the order of the court below discharging the rule for judgment for want of a sufficient affidavit of defence, and the order is, therefore,

Affirmed.