Commonwealth of Pennsylvania to the use of the School District of Ross Township *v.* Peter Gruver and James Altemose, who survive Charles Correll, Appellants.

*Actions—Suit on tax collector's bond—Cause of action.*

A suit on the bond of a tax collector is properly brought in assumpsit and the averments of the statement are sufficient when it assigns with certainty the failure to pay or account for a definite sum claimed as the balance of the taxes in the duplicate for a given year.

*Practice—Defects in statement—Cure by verdict—Amendment presumed.*

The omission to declare the manner in which the judgment should be entered in order to secure the proper amount to the school district was a subject for amendment, and after trial on the merits, verdict and judgment, there being no demurrer, no such defect is fatal unless it is shown to have injuriously affected the trial; the proper amendment will be considered to have been made.

*Township auditor—Settlement with collector—Appeal—Review—Suit on surety bond.*

The township auditor's settlement of the tax collector's accounts is but one step in fixing the liability of the collector, but when it is not appealed from to the court of common pleas as provided by law, he elected to make that step a final one and to be bound by it and the appellate court cannot review it on appeal from a judgment entered on the surety's bond.

Argued Jan. 9, 1900. Appeal, No. 35, Jan T., 1900, by defendants, from judgment of C. P. Monroe Co., Sept. T., 1898, No. 13, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. OPINION BY ORLADY, J.

Assumpsit. Before CRAIG, P. J.

It appears from the record that this suit was on an official bond of the collector of taxes of Ross township for the year 1891.

[At the trial counsel for plaintiff offered in evidence the bond sued on for the purpose of showing a subsequent breach of its conditions, which offer was admitted, the objection of the defendant being overruled.] [1]

[Plaintiff offered in evidence the auditors' settlement of the

account of Peter Gruver, collector for the year of 1891, as appearing on the auditors' official book for the purpose of showing the balance of school tax remaining due from the said tax collector, defendant to the said school district, at the settlement of that year; also for the purpose of showing the amount of dog tax remaining due from said defendant for said township at the auditors' for that year. Defendant's objection to this offer was overruled and evidence admitted.] [2]

[Plaintiff offered in evidence the auditors' settlement of the dog tax duplicate of 1890, with the said defendant Peter Gruver, showing a balance of dog tax due for the year 1890, $50.50, in the hands of Peter Gruver, collector of Ross township.

Counsel for defendant object to this offer for the reason that this suit, as we have learned, is upon the bond offered in evidence by the plaintiff, and that bond was given for the faithful performance of this tax collector's duties in his official character for the year 1891?

Plaintiff's additional reason for offering the auditors' settlement aforesaid in evidence, is to show the indebtedness of Peter Gruver to the township of Ross as affecting the question of the appropriation of payments made after the auditors' settlement of 1891.

Objected to by counsel for defendants. Objection overruled.] [3]

The court rejected the offer of the defendant comprised in the following question propounded to Peter Gruver:

[" Q. Did you on that day or prior to that day (referring to June 6, 1892, the date of the township auditors' settlement for 1891) make any disbursements or payments of taxes collected by you on that duplicate of 1891?"

Mr. Staples: Objected to as irrelevant, immaterial and incompetent.

The Court: The objection is sustained. The defendant may show any payments on account of these taxes after the settlement.] [4]

The court excluded the answer to the following question asked the same witness by the defendant:

[" Q. In this book (school tax duplicate of 1891) have you any receipts for payments on that duplicate?"

Objected to by counsel for plaintiff unless the receipts are for payments made on account and after the settlement by the auditors on June 6, 1892, of the duplicate of 1891.

The Court: Objection sustained. Exception noted and bill sealed for defendants.] [5]

The court rejected the testimony of defendant Peter Gruver as to the identity in amount and date of a receipt in the school tax duplicate of 1891 with the credit allowed the collector in the township auditors' report for that year, the question, objection and ruling by the court being as follows:

[" Q. I ask the question now whether he has a receipt in that book (school tax duplicate of 1891) of the date of that audit (June 6, 1892), for the purpose of showing, if he has, its identity in amount with the credit allowed him in the report of the auditors of that year for payment on that duplicate.

Objected to by counsel for plaintiff as immaterial, irrelevant and incompetent unless it is shown that the payments so claimed to be made were made after the auditors' settlement on June 6, 1892 of the duplicate of 1891; that the duplicate of school tax for the year 1891 is conclusive upon the tax collector and also upon his sureties, and if by mistake or misunderstanding or misappropriation a payment was made upon the duplicate of school tax for the year 1891, which was not credited by the auditors upon the tax so collected for that year, but upon the previous year, in order to correct the mistake or misappropriation, the tax collector should have appealed from the auditors' settlement.

The Court: The receipt mentioned in the question is $242.97 for which it appears, in the auditors' settlement of June 6, 1892, that the defendant is credited; we think, therefore, in this line of questions, you would be opening up this question of the settlement of the auditors, a matter that we cannot bring in this proceeding, the auditors' settlement having been unappealed from. The objection is sustained. Exception noted and bill sealed for defendant.] [6]

The court rejected the following offer of evidence on behalf of defendant, said offer, objection and rulings of the court being as follows:

[Counsel for defendants offer in evidence this receipt:

" Ross Township, June 6th, 1892.

" Received of Peter Gruver two hundred and forty-two 97–100 dollars on the within duplicate.

" $242.97.

[Signed] " Sydenham Mengel, Treas."

for the purpose of indentifying that receipt with the amount of credit to the collector on the report of the township auditors dated the same day for the year 1891.

Objected to by counsel for the plaintiff as incompetent, immaterial and irrelevant. It already appears that said receipt was presented to the auditors at the settlement of the account of Peter Gruver, collector of school taxes of the school district of Ross for the year 1891, and that said receipt was passed upon and settled by said auditors, and the said collector of taxes and his surety are concluded by that settlement unless appealed from, which was not the case ; that it is now too late to claim any mistake made by the auditors ; the admission of the receipt would open up the whole question of the auditors' settlement ; that the identification of said receipt as being the amount of money credited as being paid to the treasurer in the auditors' settlement of June 6, 1892, could not affect the balance found due from said tax collector by said auditors at said settlement.

The Court: The objection is sustained. Exception noted and bill sealed for defendants.] [7]

The court refused to permit Peter Gruver, defendant, to answer the following question with reference to a final settlement between the plaintiff school district and himself :

[" Q. Did you have a settlement with the school district of Ross township of all your affairs between it and you ?"

Counsel for plaintiff demands that the defendant state what kind of a settlement he proposes to show by the witness.

By counsel for the defendants : I propose to show by this witness that subsequently to the settlement of his accounts for the year 1891 by the auditors of the township, that he met with the school directors of the township, showed to them that he had receipts and evidences of payment that he had not been credited with before, and that they sat down together and arranged a settlement, allowing him the credits that he was en-

titled to, and that that settlement was put upon the minutes of the school board.

Counsel for plaintiff objects to any evidence by the defendant or his witnesses tending to show a settlement either by the auditors of the township of Ross, or the school directors of the township of Ross, subsequent to the auditors' settlement of the date of June 6, 1892. If in said settlement any payments or credits were allowed Peter Gruver, tax collector, for payments made or credits which he claimed he was entitled to before the settlement by the said auditors of the duplicate of the school taxes for 1891 on June 6, 1892 whereby he was found indebted to said school district for school taxes on said duplicate of 1891, $177.46, and dog tax for the year 1891 of $43.85, that the said settlement by the said auditors on the said 6th day of June, 1892, was conclusive upon the said tax collector and his surety as to all matters happening prior thereto, and he could only have taken advantage of want of credit for payments made prior to that time by appeal, and having failed to take said appeal he is concluded by the auditors' settlement, and that said auditors' settlement was also conclusive upon the school directors of the said school district of Ross township. They had no power to enter into any settlement which was arrived at by allowing credits or payments made before June 6, 1892, nor subsequently had the auditors of the said township of Ross any right to open and re-examine the auditors' settlement made on June 6, 1892.

The court: The objection is sustained. Exception noted and bill sealed for the defendant.] [8]

[The court refused to receive in evidence on behalf of plaintiff the settled account between the plaintiff school district and the defendant Gruver, as arranged and concluded on June 1, 1896, in the township auditors' report of that date.] [9]

[The court rejected defendant's offer of the plaintiff school board's minutes of June 1, 1896, showing the final settlement between the said school district and defendant; said offer made for the purpose of showing that the minutes of that date contain the memorandum of fact of the settlement with this tax collector.] [10]

Defendant submitted the following points:

[1. The plaintiff cannot recover, in this action, for more than the net amount of the school and dog taxes for the year 1891,

as contained in the duplicate for that year, less the amount of the payments which the jury shall find that the collector made on that duplicate. *Answer :* That point we negative on the facts in this case.] [11]

[2. If the jury believe, from the evidence, that the payment of $242.97 by the collector to Sydenham Mengel, treasurer, on June 6, 1892, was a payment on the tax duplicate of 1891, and that he afterwards paid to Daniel Gower, treasurer, the balance of the amount of that duplicate—after deducting abatements, exonerations, commissions, and other credits which the collector was entitled to for that year—then the verdict must be for the defendants. *Answer :* Negatived on all the facts in this case.] [12]

[3. Assuming that the total amount of the school and dog taxes for the year 1891 was $319.46, as shown by the duplicate of that year, and that the jury shall find that the auditors who settled the collector's account for that year allowed him credits to the amount of $31.03, for exonerations, abatements, commissions, returned taxes, auditors' fees, bond and for attending settlement, and that the collector actually paid to the several treasurers of the school board the net balance of $288.43 on the duplicate of that year, then the verdict must be for the defendants. *Answer :* Negatived on the facts of this case.] [13]

[5. Under the whole evidence in the case the plaintiff is not entitled to recover, and the verdict must be for the defendants. *Answer :* Negatived.] [14]

The court charged the jury in part as follows :

[We have said to you already as a matter of law, that you must take the auditors' settlement as your guide, and you must give to this defendant all the credits of money that he has paid and is entitled to upon that indebtedness. Now touching the payment on account of this duplicate of 1891, $166. Is he entitled to that deduction from it, or is he entitled to a credit of $166, less the $50.50, which was the balance of the dog tax of 1890 ? That is the main question, and the only question as it seems to us which you have to decide.

The evidence bearing upon this application of the $166, so far as the defendant alleges and contends, appears in this receipt, which in words says " on the within duplicate." Upon

the part of the plaintiff, they have put in evidence here a portion of the affidavit of defense which this defendant filed in court here when he set up his defense to the statement which the plaintiff made of the indebtedness, which is the subject in this suit; and, from that affidavit it appears that Mr. Gruver states that $50.50 of this $166, was applied by him to the indebtedness for 1890 ; and they contend, therefore, upon the part of the plaintiff, that his stating under oath in his affidavit of defense that that application was made, that therefore he was bound by that; and therefore the jury should apply the $50.50 to the indebtedness of the dog tax of 1890. You have gentlemen of the jury the only evidence, bearing upon this question, as to the amount of credit against $221.31. On the part of the defendant you have this receipt, and then you have the statement which Mr. Gruver made under oath in his affidavit of defense, and from that you are to say whether this defendant is entitled to this credit of $166, or for $166 less $50.50 ; in other words whether he is entitled to a credit of $166 or to the credit of $115.50, which is the amount after deducting $50.50 from the $166. . . . You take this auditor's settlement, which as we have reckoned it amounts to $221.31. Then you deduct from that either $166, the amount of this receipt, if you believe the application was made to the duplicate, or you deduct from it $115.50 which is $166, less $50.50, and which according to the contention of the plaintiff was applied by Gruver to the duplicate of 1890. You will see, therefore, gentlemen of the jury, that what you are to decide narrows down to the simple question as to what credits shall be allowed against the amount of this auditors' settlement. We have said to you that we cannot go back of that settlement because, after allowing the thirty days to go by, Mr. Gruver was concluded as to the auditors' settlement.] [15] . . . .

[The court has drawn up the form of your verdict, and you will fill in the amount for which you find for the plaintiff, that is, provided you find in favor of the plaintiff. " The jury find in favor of the commonwealth in the sum of $4,000, the penalty mentioned in the bond described in the plaintiff's statement and assess the damages of the school district of Ross township at the sum of      "] [16]

The jury found in favor of the commonwealth and assessed

the damages of the school district of Ross township at $168.68 and judgment thereon.    Defendant appealed.

*Errors assigned* were (1–10) to rulings on evidence, reciting same.    (11–14) Answers to defendant's points, reciting points and answers.    (15, 16) To portions of the judge's charge, reciting same.

*W. W. Watson,* with him *Henry J. Kotz,* for appellants.—The Act of June 14, 1836, P. L. 637, directs how suits on official bonds shall be prosecuted, and section 6 of the act provides about the entry of judgment that, "if final judgment be rendered against the defendants upon any issue taken as aforesaid, such judgment shall be as follows, to wit:

1. For the commonwealth, in the amount of such obligation or bond.

2. For the plaintiff in such issue in the amount of damages assessed, and for the costs accrued between such plaintiff and the defendants.

But how can judgment be entered in favor of the commonwealth, in the penal or other amount of a bond to her, without a warrant of attorney to confess judgment, or a declaration or statement asserting a right of action in the commonwealth? Commonwealth v. Pray, 1 Phila. 58; Sullivan Co. v. Middendorf, 7 Pa. Superior Ct. 71.

The Procedure Act of May 25, 1887, P. L. 271, does not apply to proceedings taken against public officers who have given bonds with sureties for the faithful performance of official duty: Commonwealth v. Morris, 5 Kulp, 488.

The obligation of a surety cannot be extended by implication beyond the terms of his contract: Telegraph Co. v. Lennig, 139 Pa. 594.

The liability on the bond is limited to the taxes for the current year: County of Sullivan v. Middendorf, 7 Pa. Superior Ct. 71.

*F. B. Holmes,* with him *Chas. B. Staples* and *W. A. Erdman,* for appellee.—The declaration must be framed with care.    The right of the commonwealth to bring the action must be shown. But this is done by a reference to the statute directing the mode of procedure: Wampler v. Shissler, 1 W. & S. 371.

Assumpsit is the proper form of action on an official bond: Com. v. Stambaugh, 164 Pa. 437.

As to the conclusiveness of the auditor's settlement of June 6, 1892, that such a settlement, if unappealed from is conclusive on both the officer and his sureties, is established beyond the shadow of a doubt: Com. v. Geesey, 1 Pa. Superior Ct. 502; Shartzer v. School Dist., 90 Pa. 192; Twp. of Middletown v. Miles, 61 Pa. 290; Com. v. Titman, 148 Pa. 168.

It appearing then, that there are circumstances under which the balance struck by the auditors may correctly represent the actual balance remaining due on the school tax duplicate of 1891, their settlement, unappealed from, is conclusive that those circumstances existed in the present case: Com. v. Sweigart, 9 Pa. Superior Ct. 455.

OPINION BY ORLADY, J., April 23, 1900:

This suit was brought on the official bond of Peter Gruver, a tax collector of Ross township, Monroe county, for the year 1891. The condition of the bond is as follows: "Now the condition of this obligation is such that if the said Peter Gruver shall well and truly collect and pay over or account for, according to law, the whole amount of taxes charged and assessed in the duplicates which shall be delivered to him, then this obligation to be void, otherwise to be and remain in full force and virtue." The other defendants are the sureties of the collector. The plaintiff recovered a verdict in the court below from which the defendants appeal. The statement does not, as urged by the appellant, lack the essentials of a good cause of action. Its averments are sufficient, and it assigns with certainty and precision the failure to pay or account for the $125.15, which was claimed as the balance of the taxes in the duplicate for 1891. The omission to declare the manner in which the judgment should be entered in order to secure the proper amount to the school district was a subject for amendment, and after a trial on the merits, verdict and judgment, there being no demurrer, no such defect is fatal unless it is shown to have injuriously affected the trial; the proper amendment will be considered to have been made: Chapin v. Cambria Iron Co., 145 Pa. 478; Eckert v. Schoch, 155 Pa. 530; Shryock v. Baschore, 82 Pa. 159; Com. v. Press Co., 156 Pa. 516. We would

have the power to correct it so as to make it conform to the statute: Com. v. Yeisley, 6 Pa. Superior Ct. 273. The action was properly brought in assumpsit: Com. v. Yeisley, supra; Com. v. Stambaugh, 164 Pa. 437 ; Com. v. Comrey, 174 Pa. 355. The township auditor's settlement of the tax collector's accounts was but one step in fixing the liability of the collectors, nevertheless, by not taking an appeal from their decision to the court of common pleas, as provided by law, he elected to make that step a final one and to be bound by it. We cannot review that settlement now: Swatara Twp. School Districts Appeal, 1 Pa. Superior Ct. 502; Com. v. Titman, 148 Pa. 168 ; Com. v. Sweigart, 9 Pa. Superior Ct. 455. At the time of payment of the $166 there was no agreement or direction given by the debtor as to which indebtedness it should be applied, and there being due from the collector a balance on a former duplicate, the school district creditor had the right to appropriate it to the least secured debt; the debtor not appealing from the auditor's settlement is presumed to have assented to the application thus made of his payment: Ege v. Watts, 55 Pa. 321; Louisville Cotton Mills Co. v. Fritz, 155 Pa. 144; Com. v. Stambaugh, 164 Pa. 437; McCartney v. Buck, 12 Atlantic R. 717, note ;

The offers to show payments made by the collector that were prior in date to the auditors' settlement, and the ineffectual attempt before the auditors to change the settlement were properly refused. This was resorting to only another method of destroying the effect of the auditors' settlement which can be successfully attacked, but solely in the way pointed out by the statute—an appeal to the court of common pleas.

The judgment is affirmed.