## Commonwealth v. Keenan, Appellant.

*Auditors—Reports—Form.*

When reports of auditors of townships and boroughs distinctly and unequivocally find all the facts necessary to charge the collector and the bondsmen, that is sufficient without regard to the form in which the findings are made.

A report to borough auditors is as to all matters which it passes upon conclusive upon all parties, and it is not within the jurisdiction of the auditors at another time to re-examine what had been by the report decided.

Argued April 24, 1906. Appeal, No. 159, April T., 1906, by defendants, from judgment of C. P. No. 2, Allegheny Co., April T., 1904, No. 248, on verdict for plaintiff in case of Commonwealth to use of Oakdale Borough v. James Keenan et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit on a bond. Before SHAFER, J.

The court charged as follows:

The action which you have been sworn to try is one brought by the commonwealth of Pennsylvania for the use of the borough of Oakdale, in this county, against James Keenan and others, upon a bond which, it is admitted by the defendants, was given by them to the commonwealth of Pennsylvania in the sum of $12,000. The condition of it was that James Keenan, having been appointed collector of taxes for the borough of Oakdale for a term which began on the first Monday of April, 1897,

and ended three years after that date, as such collector should well and truly collect and pay over according to law the whole amount of taxes charged and assessed in the duplicates which should be delivered to him, in which case the obligation should be void.

The breach assigned of this bond is that he did not pay certain sums, $145.45 plus the taxes of the year 1898, uncollected, and a like uncollected balance of $53.63 of special taxes levied in the year 1898; and that he actually collected and did not pay over to the borough the sum of $29.30, making in all $228.38.

[It appears by the evidence that the borough auditors in the year 1903 charged this defendant with these amounts, and that no appeal was taken by the collector from the finding of the auditor to that effect. That being the case, the commonwealth has made out a case to recover on this bond the sum of $228.38, with interest from the time it should have been paid, which is March 13, 1899.

You will find a verdict, therefore, gentlemen, for $12,000, to be released upon the payment of $228.38, with interest from March 13, 1899. That interest amounts to $90.07, and the whole amount upon the payment of which the verdict is to be released is $318.45.] [2]

Verdict and judgment for plaintiff for $318.45. Defendants appealed.

*Errors assigned* were (1) in refusing binding instructions for defendants, and (2) the portion of the charge above quoted.

*E. E. Fulmer*, for appellants, cited: Godshalk v. Northampton County, 71 Pa. 324; Blackmore v. Allegheny County, 51 Pa. 160; Com. v. Gruver, 13 Pa. Superior Ct. 553; Com. v. Piroth, 17 Pa. Superior Ct. 587.

*Thomas Patterson*, of *Patterson, Sterrett & Acheson*, with him *J. F. Wallace*, for appellee, cited: Com. ex rel. v. Scanlan, 202 Pa. 250.

OPINION BY PORTER, J., October 5, 1906:

The report of the auditors of the borough in the year 1899, which covered the accounts of the tax collector for the dupli-

cate of the general taxes of 1898 and the duplicate for the special tax of the same year, was as to all matters which it passed upon conclusive upon all parties, and it was not within the jurisdiction of the auditors at another time to re-examine what had been by the report decided : Richter v. Penn Township, 9 Pa. 79 ; Godshalk v. Northampton County, 71 Pa. 324 ; Blackmore v. Allegheny County, 51 Pa. 160 ; Commonwealth v. Gruver, 13 Pa. Superior Ct. 553 ; Commonwealth v. Piroth, 17 Pa. Superior Ct. 587 ; Commonwealth v. Scanlan, 202 Pa. 250.   The settlement of the accounts of a tax collector by the auditors of a borough or township is but one step in fixing the liability of the collector and his bondsmen, but when no appeal is taken from the decision of the auditors to the court of common pleas, as provided by law, the report of the auditors becomes final as to the facts therein passed upon.   The auditors of townships and boroughs are not usually either lawyers or skillful bookkeepers, and the contents of their reports are to have a reasonable and common-sense construction.   When they distinctly and unequivocally find all the facts necessary to charge the collector and his bondsmen, that is sufficient, without regard to the form in which the findings are made.

The report of the audit of 1899, covering the duplicates for the general and special taxes for the year 1898, clearly and distinctly found that, after allowing the collector credit for all exonerations, abatements and commissions to which he was entitled, there remained in his hands $129.29 in cash of the taxes which he had collected, and that he had failed to collect taxes for which he had not been exonerated to the amount of $1,029.89 on the duplicate of the general taxes for the year 1898, and the amount of $375.70 on the duplicate for the special tax for the year 1898.   This was a distinct finding of all the facts necessary to charge the collector and his bondsmen, under the condition of the bond, with the $129.29 which he had failed to pay over, and the amount of the tax, viz., $1,029.89, on the general duplicate for 1898, and $375.70 on the special duplicate of the same year, which he had failed to collect and for which he had not been exonerated; making an aggregate of $1,534.88.   The condition of the bond of the collector of taxes is by law required to be, " that the said collector shall well and truly collect and pay over or account for, according to law, the whole amount

of taxes charged and assessed in the duplicates, which shall be delivered to him." The collector and his bondsmen are liable for the whole amount of the duplicate, unless they pay over the same or are exonerated according to law.

The plaintiff might have offered in evidence the bond, the report of the auditors of 1899, above recited, and rested. The burden would then have been on the defendants to account for the shortage of $1,534.88. The plaintiff went further, however, and offered the auditors' reports for the four following years. The effect of this evidence was wholly in favor of the defendants. The report of the auditors for each subsequent year reduced the amount for which the appellants were liable under the audit of 1899. No one of the subsequent audits charged the collector with any item not adjudged against him by the report of 1899. The auditors' reports for the years subsequent to 1899 each accepted the balance as found in the year 1899, and credited the collector by the amounts paid in by him subsequently to 1899, and the exonerations duly allowed him subsequently to the previous audit. Each one of the later audits was merely an admission by the plaintiff that the appellants were entitled to a credit upon the amount adjudicated against them by the audit of 1899, because of something which had been done subsequently to that audit. The admission of these later reports in evidence certainly did the cause of the defendants no harm. The assignments of error are overruled.

The judgment is affirmed.