## Snyder et al., Appellants, v. Berkey et al.

*Municipalities—Official bonds—Default—County auditors—Audit—Failure to appeal—Sureties—Liability for defalcation of principal—Judgment for defendant.*

1. An action at law will not lie on an official bond until there has been an accounting before the county auditors, who constitute a special tribunal, created by statute for the purpose of adjusting the accounts of such officers and determining the amount due to or from them. This decision, unappealed from, is conclusive and precludes an action at common law for an unadjudicated account.

2. The sureties on an official bond given by the treasurer of the directors of the poor, will not be liable for an embezzlement committed by the principal, where it appears that the books, vouchers and other documents, relating to the accounts of the treasurer, were submitted to the county auditors and audited, and no defalcation was found; and it is not material that the attention of the auditors was not called to the items for which the action was brought.

Argued Sept. 26, 1917. Appeal, No. 122, Oct. T., 1917, by plaintiffs, from judgment of C. P. Somerset Co., Sept. T., 1913, No. 70, for defendants, in case of J. J. Snyder, J. C. Miller and J. C. Deitz, Directors of the Poor and of the House of Employment of Somerset County, Pennsylvania, v. J. A. Berkey, H. L. Sipe and H. F. Barron. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on an official bond. Before RUPPEL, P. J.

The opinion of the Supreme Court states the facts.

The case was tried by the court without a jury.

The court entered judgment for defendants. Plaintiffs appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and conclusions of law and the judgment of the court.

*Francis J. Kooser,* with him *P. G. Cober* and *Ernest O. Kooser,* for appellants.—The defendants are liable on the bond for the several embezzlements of the principal and their liability may be determined in this action as neither item, nor any account, book, voucher or other paper relating to the said embezzlements was ever submitted to the county auditors.

The bond having been voluntarily given for a lawful purpose, may be enforced according to its terms: Clement v. Courtright, 9 Pa. Superior Ct. 45; U. S. v. Hodson, 10 Wall 395; Slutter v. Kirkendall, 100 Pa. 307; Clark v. Morss, 142 Pa. 311; Sullivan v. Middendorf, 7 Pa. Superior Ct. 71; Castors' App., 2 Penny. 337; Com. v. Clipsham, 16 Pa. Superior Ct. 50.

*Norman T. Boose,* with him *J. A. Berkey,* for appellees. —The court had no jurisdiction, in the absence of proof that the amount claimed had been found due from the principal on the bond by the county auditors: Northampton Co. v. Yohe, 24 Pa. 305; Blackmore v. Allegheny Co., 51 Pa. 160; Siggins et al. v. The Com., 85 Pa. 278; Northampton Co. v. Herman, 119 Pa. 373; Schuylkill Co. v. Boyer, 125 Pa. 226; Westmoreland Co. v. Fisher, 172 Pa. 317.

PER CURIAM, January 7, 1918:

This is an action of assumpsit on the official bond of H. F. Barron, treasurer of the directors of the poor and of the House of Employment of Somerset County, Pennsylvania, for 1912, on which Berkey and Sipe, the other two defendants, were sureties. In September, 1912, the treasurer, in his official capacity, received $1,100 and in January, 1913, $2,262, both of which sums he failed to charge himself with in his book as treasurer and which he appropriated to his own use. At the trial before the court below, under the Act of 1874, it appeared that the books, vouchers and other documents relating to the accounts of the treasurer for the year 1912 were submitted

to the county auditors by the treasurer, and that the accounts were audited by the auditors, as required by law, in January and February, 1913.   The report of the auditors was filed, from which no appeal was taken, and the same became absolute.   The attention of the auditors was not called to the two items sued for in this action and they were not audited, and hence were omitted from the auditors' report.   The amount found by the auditors to be due from Barron was subsequently paid by him to his successor in office.   The learned court directed judgment to be entered for the defendants, Berkey and Sipe, holding that the $1,100 was an item to be passed on by the county auditors in their annual settlement in 1913, and their report unappealed from was conclusive upon all parties, and the item of $2,262 not having been submitted to the county auditors for adjustment and there being no report thereon by the auditors, a common law action would not lie.

The learned court was clearly right in entering judgment for the defendants.   The decisions of this court, and they are numerous, are uniform in holding that in such cases, and under the facts presented by this record, an action at law will not lie on the official bond until there has been an accounting before the county auditors. This is a special tribunal created by statute for the purpose of adjusting the accounts of such officers and determining the amount due to or from them.   Its decision unappealed from is conclusive, and precludes an action at common law on an unadjudicated account.

The judgment is affirmed.