In Re: Appeal of Joseph Fela, Treasurer.

Argued September 25, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*William A. O'Connor*, for appellant.

*M. F. McDonald*, for appellee.

Opinion by Baldrige, J., November 22, 1934:

The 1931 audit of the affairs of the Township of Hanover, a township of the first class situate in Luzerne County, showed a balance on hand, as of January 4, 1932, of $67,119.46. The report of the auditor for the year 1932, which is the subject of this appeal, showed a balance of that amount in the treasurer's hands on January 1, 1932, but that there was deposited in the bank to the credit of the township, $72,546.08. This sum was increased by the sum of $1,577.34, which represented commissions due the

treasurer for the year 1932. The auditor surcharged the treasurer as follows:

(1) With the sum of $15,365.62 representing the amount of commissions deducted by the appellant from the 1932 receipts.

(2) With the balance in the Miners Bank to the credit of the appellant as township treasurer in excess of the balance reported by appellant as due the township, viz., $7,003.96.

(3) With the amount of exonerations claimed by the appellant for the year 1931, viz., $2,394.45.

(4) With an additional amount determined by the auditor to be due from appellant on the 1931 tax duplicate, viz., $95.97.

Upon an appeal by the township treasurer, the learned court below found the following findings of fact:

(1) The commissions due appellant as determined by the auditor and contained in his report are as follows:

| | Rate | Amount Collected | Commissions Allowed |
|---|---|---|---|
| 1930 Tax Duplicate .... | 5% | $ 58,954.34 | $ 2,947.71 |
| 1931 Tax Duplicate .... | 5% | 5,997.01 | 299.82 |
| 1932 Tax Duplicate .... | 5% | 256,513.90 | 12,825.69 |
| $80,000 Temporary loan | 1% | 80,000.00 | 800.00 |
| Sewer Permits 1932 ... | 1% | 120.00 | 1.20 |
| Milk Permits 1932 .... | 1% | 450.00 | 4.50 |
| Police Fines 1932 ..... | 1% | 783.00 | 7.83 |
| Telephone Pole Rent 1932 .............. | 1% | 239.00 | 2.39 |
| Election Rent ........ | 1% | 34.50 | .34 |
| Miscellaneous Receipts | 1% | 65.55 | .65 |
| | | $403,157.30 | $16,890.13 |

(2) The commissions deducted by appellant during the year 1932 amounted to the sum of $15,365.62.

(3)   The sum of $7,003.96 ($5,426.62 and $1,577.34) representing the difference between the sum accounted for by the appellant and the balance contained in his bank account as treasurer is not the money of the Township of Hanover but of the appellant.

(4)   The amount of exonerations claimed by the appellant from the 1931 tax duplicate, viz., $2,394.45, were disallowed by the board of township commissioners.

(5)   There is due to the township of Hanover by the appellant, in addition to the amounts accounted for on the 1932 tax duplicate, the sum of $24.08.

Judgment was entered by the court below against the treasurer for $894.02, representing the difference between $2,394.45, exonerations claimed in 1931, and commissions of $1,524.51 earned that year, to which balance there was added the $24.08 admittedly due the township. An appeal was taken from the judgment by Edward E. Davis, an intervening taxpayer.

The principal question involved in this appeal is whether the treasurer was entitled to deduct his commissions on taxes collected without a signed order.

Section 1 of the Act of July 9, 1897, P. L. 242 (72 PS §5707), provides that the tax collectors of the several boroughs and townships of this Commonwealth shall make monthly returns, and shall pay over to persons to whom the taxes are payable the amount so collected by such tax collectors, monthly, less the commission or fees to which they are by law entitled for the collection of the same. The Act of May 28, 1907, P. L. 273, §210, abolished the office of tax collector in townships of the first class, and gave the powers of a tax collector to the township treasurer. Section 17 of the Act of April 28, 1899, P. L. 104, contains the provision that no money shall be paid out by the township treasurer except on the written order, or war-

rant, issued by the board of township commissioners and attested by the signatures of the president, or vice-president, and the secretary of the board. Section 804 of the General Township Act of June 24, 1931, P. L. 1206 (53 PS §19092-804), which is a reenactment of section 2 of the Act of April 27, 1909, P. L. 198, a supplement to the Act of 1899, reads as follows: "The township treasurer shall pay out the moneys coming into his hands only on orders ...... signed by the president or vice-president and attested by the secretary or assistant secretary of the board, and designating the appropriation out of which the orders shall be paid. Any township treasurer who shall pay out moneys in his hands except upon such orders, or shall pay out moneys in excess of the appropriation, shall be allowed no credit in the settlement of his accounts for the sum or sums so paid out, nor shall he have any claim or right of action against the township therefor."

After a consideration of the various acts of assembly regulating the affairs of townships of the first class from the year 1897 until the passage of the first class township law of 1931, we come to the conclusion reached by the learned court below that it is "perfectly clear that the provisions contained in section 804 of the later act, relative to the payment of money by the township treasurer on orders has no application to commissions to which he is entitled by reason of the collection of taxes." If money is to be paid out for labor, material, etc., orders therefor must be drawn as provided by section 804 of the 1931 Act, but the treasurer's commissions do not come within that category of expenditures.

At the beginning of the year 1932, the balance in the hands of the township treasurer, as shown by the report of the auditors for the year 1931, was $67,-

119.46. That is all the treasurer was liable for; that is the only amount the township was entitled to receive. There was no appeal from the finding of the audit for 1931 and the auditor's report was conclusive of the matters contained therein. We can not now, therefore, review that settlement: Com. v. Keenan, 31 Pa. Superior Ct. 586; Snyder et al. v. Berkey et al., 259 Pa. 489, 103 A. 302. If a taxpayer was aggrieved by that finding, it was his duty to appeal. If an appeal had been taken, the court could have corrected any manifest error: Senor v. Dunbar Twp. School Dist., 307 Pa. 190, 160 A. 701. It would be inequitable, and there is no sufficient legal justification, to deprive the treasurer of his earned commissions for the sole reason that he deducted them from the amount of taxes he collected without an order. Our conclusion, after considering the exhaustive brief of appellant, is that the difference between the amount determined by the auditor to be due and the amount in bank belonged to the treasurer as commissions.

The appellant further contends that the treasurer was not entitled to deduct commissions of one per cent, amounting to $816.92, for handling moneys other than that received from taxes. The Act of 1897, supra, provides not only for the retention of commissions, but of fees that may be due the treasurer. We think the language in the statute is sufficiently comprehensive to authorize the retention of the one percent commission or fees, which was expressly allowed under article 8, section 802, of the Act of 1931, supra (53 PS sec. 19092-802).

Judgment is affirmed, at appellant's costs.