### In re A. H. English & Co., Bankrupts.

*(District Court, W. D. Pennsylvania.  March 12, 1881.)*

1. STATUTES OF LIMITATION—REMEDY.
   Statutes of limitation operate upon the remedy, not the title.

2. SAME—ASSIGNEE IN BANKRUPTCY—REV. ST. § 5057.
   An assignee in bankruptcy is not precluded from defending against a claim by the wife of the bankrupt for a copyright royalty upon the ground that the copyright was transferred to her by her husband in fraud of his creditors, because he did not, within the two years limited by section 5057 of the Revised Statutes, proceed by suit to recover the copyright or have the transfer set aside.

In Bankruptcy. *Sur* rule on A. B. Hay, Esq., assignee, to show cause why a copyright royalty should not be paid to Mrs. Emily English, trustee of Lucius Osgood English.

*Knox & Reed*, for Mrs. E. English.

*A. B. Hay*, for assignee.

ACHESON, D. J.  Among the effects of the bankrupts which came into the hands of the assignee was a stock of school-books, which he sold pursuant to an order of court made upon his petition.  No lien is specified in the petition or order other than the lien of one Hart for printing and binding part of the books.  But just before the sale the assignee procured an

order of court authorizing him to pay Mrs. Lucius Osgood, the owner of one-half of the copyright of the books, a copyright royalty, and after the sale he paid her the same to the amount of $1,224.41.

On March 28, 1879, Mrs. Emily English, the wife of A. H. English, one of the bankrupts, as trustee of Lucius Osgood English, son of the bankrupt, presented her petition, claiming to be the owner of the other half of the copyright, and to be entitled to a like royalty to that paid Mrs. Osgood, and praying the court to order the assignee to pay the same to her. Thereupon a rule was granted upon the assignee to show cause why he should not make such payment. After answer to this rule, and argument, the court, on April 12, 1879, discharged the rule. The petition, however, was not dismissed, and is still pending.

On January 31, 1881, another petition of like character was presented to the court by Mrs. English, as trustee of Lucius Osgood English, and a rule was granted upon the assignee to show cause why an order should not be made directing him to pay the petitioner out of the proceeds of said sale the royalty claimed. To this petition and rule the assignee filed an answer. The petitioner set down the rule for hearing, and it was heard upon the petition and answer. I need scarcely say that in disposing of this rule the answer must be taken as true. In substance it alleges that A. H. English, who owned the one-half of the copyright now claimed by Mrs. English as the basis of her claim to royalty, transferred the same, without consideration, to his wife, the petitioner, in trust for his son Lucius, some months before his petition in bankruptcy was filed, at a time when he was in financial embarrassment—under an extension which he had procured from his creditors—and insolvent; that this transfer of the copyright was made to defraud his creditors; and that at the date of his adjudication as a bankrupt A. H. English, in point of fact, was the owner of the said one-half of the copyright.

If the allegations of the answer are true, it is very clear that the petitioner has no honest claim to the royalty she

seeks to recover in this proceeding. Nevertheless, it is very earnestly contended in her behalf that her right to demand this money is not to be disputed by the assignee, because he did not, within the two years limited by section 5057 of the Revised Statutes, proceed by suit at law or in equity to recover the copyright from the petitioner, or to have the transfer to her set aside. It is said her title to the copyright is not now assailable by any direct proceeding, and therefore that the assignee is estopped from calling it in question or denying her claim to the fruits of the copyright. The argument may be ingenious, but surely it is fallacious as applied here. It amounts to this: that because the statute of limitations has barred a suit against the petitioner, the righteous defence of the assignee to a demand which (if his statements are true) is totally devoid of justice has been taken away. This would be to give to the statute of limitations, when it has once closed, the force of a judicial decree establishing conclusively the rights of the parties. But such is not its operation. Statutes of limitation operate upon the remedy, not the title. *Leasure* v. *Mahoning Township*, 8 Watts, 551; *McCandless' Estate*, 61 Pa. St. 9; *Hegarty's Appeal*, 75 Pa. St. 503.

To avoid misapprehension I desire to add that I am not to be understood as expressing any opinion upon the merits of this claim. Upon investigation it may appear to be entirely fair and valid. The allegations of the assignee against its fairness are to be proved. All that now is decided is that in the face of the assignee's answer the court cannot make the order asked for.

The rule to show cause will be discharged without prejudice to the right of Mrs. English to prosecute her petition or to pursue any other appropriate remedy for the recovery of the royalty claimed. So ordered.