## Ward *versus* Stevenson et al.

1. Under the act of 16th April, 1846, which authorizes amendments of the record, when it appears, by any sufficient evidence, that a mistake has been made in the Christian name *or* surname of a party, amendments may be made in both the Christian and surname; and the mistake need not be proved by the attorney who made it. The act contains no restriction as to the time of making the amendment.

2. The omission to insert in the declaration the amount of damages claimed is cured by the verdict.

Error to the Common Pleas of *Susquehanna county.*

This was an action in case, brought in the name of John B. Stevenson and Augustine Stevenson, Jr., late partners in trade, under the name and style of John B. Stevenson & Co. The precipe was signed by R. J. Niven, attorney, and was filed on 1st Nov. 1847. In the *summons*, the name of one of the plaintiffs was stated to be *Augustus*, and it was so entered on the docket. The declaration contained seven counts, charging the defendant, in various forms, with promises to pay a debt of Ward & Leach. In the conclusion, the amount of damages was left blank.

In January, 1849, depositions were taken, on behalf of the defendant, as to the persons composing the firm.

On the 13th January, 1849, J. T. Richards, attorney for plaintiffs, read an affidavit, as follows:

"J. T. Richards, attorney for the plaintiffs, being duly affirmed, says, that the letters 'Jr.' after the name of Augustine Stevenson, were placed there by the mistake of the attorney who wrote the precipe, by reason of his mistaking the letters 'Sr.' for 'Jr.,' as written in the account of the plaintiffs sent to said attorney for the purpose of having suit. All which is true, to the best of his knowledge and belief.　　　　　　　　　J. T. Richards."

And thereupon, on motion of said Joseph T. Richards, Esq., for

[Ward *v.* Stevenson et al.]

the plaintiffs, and after argument of counsel, the court "ordered the record to be amended by making the name of Augustus Stevenson read Augustine Stevenson, and by striking out the word 'Jr.' from said name."

November 19th, 1849, the death of the defendant suggested, and Sally Ward, executrix, substituted.

Verdict for plaintiffs, for $482.59.

Error was assigned:

1st. The allowing of the amendment aforesaid, which was made upon an affidavit of an attorney who did not issue the writ, and who only deposed as to his belief.

2d. In rendering judgment for plaintiffs for $482.59, when no sum in damages is claimed in the declaration.

The case was argued by *Elwell*, for plaintiff in error.—*Richards* was for defendant, but the court did not hear him.

The opinion of the court was delivered, July 15, 1850, by

ROGERS, J.—The affidavit is sufficiently positive that the mistake of the name and addition of the plaintiff was the error of the attorney who wrote the precipe. That it is not proved by the attorney who committed the mistake, is nothing, as all that is required, according to the case of Harbach *v.* Boggs & Co. 6 *Barr* 377, is to satisfy the conscience of the court, who, in their discretion, may act on ex-parte proof, or otherwise. The amendment is made under the provisions of the act of the 16th Feb. 1846, which authorizes amendments of the record, when it shall appear to them, by *any* sufficient evidence, that a mistake has been made in the Christian or surname of any party, plaintiff or defendant. The words are in the disjunctive, but, as it is a highly remedial act, entitled to a liberal and benign interpretation, according to the case cited, a mistake in both may come within its healing provisions. The design of the act is to prevent a party being turned out of court for the error of his counsel; and when that error may be corrected, without injury to a single human being, why should it not be done? The court, of course, will confine the remedy to a clear mistake, and will not suffer it to be perverted to an entire change of the real parties for and against whom suit is brought. The act contains no restriction when the amendment may be made. The court was right in amending the record, by making the name Augustus read Augustine, and by striking out the word Jr. from the name.

The omission to insert any sum in damages is cured by verdict.

Judgment affirmed.