## Commonwealth ex rel. *v.* Titman, Appellant.

[Marked to be reported.]

*School taxes—Warrant to collector—Certificate by school board for the balance due by collector—Act of April 11, 1862, section 13.*

Defendant, a collector of school taxes, claimed from the school board a large allowance for exoneration from school tax of parties whose names were contained in the duplicate furnished him. A part of this allowance having been granted by the board, a certificate of the balance due by the collector was filed by the board, under the provisions of the act of April 11, 1862, sec. 13, P. L. 474, and judgment entered for the amount against the collector and the sureties on his bond. It was contended that the collector and his sureties were discharged from liability because he had not been furnished with a warrant when the duplicate of the school tax was placed in his hands for collection. It was not alleged that in consequence of this omission he was in any way hampered or interfered with in the collection of the taxes, or that he suffered any loss thereby.

The court refused to open the judgment.

*Held,* (1) that no power was given to the court under the act to review the settlement made by the school board.

(2) That the absence of the warrant, which did not appear to have prejudiced defendant in any way, gave him no equity to require the court below to open judgment.

*Opening judgment—Discretion of the court—Appeal.*

The judge to whom an application for the opening of a judgment is made acts as a chancellor, and on appeal the Supreme Court will only see that his discretion has been properly exercised.

Argued Feb. 17, 1892. Appeal, No. 197, July T., 1891, by defendant, John A. Titman, from judgment of C. P. Schuylkill Co., Nov. T., 1890, No. 138, on defendant's bond in favor of plaintiff, at the relation of the borough of Shenandoah. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Judgment on school tax collector's bond.

The facts as shown by the depositions taken in the court below were as follows:

Defendant having been duly elected to the office of collector of taxes of the borough of Shenandoah for the year 1888, and having duly qualified as such, was furnished by the school board with the duplicate of school taxes. In May, 1889, a committee of the board met, and with the defendant reviewed the exoneration list prepared by him. A large amount of the exonerations claimed was disallowed, and the board made a settlement showing a balance of $2,046.47, a certificate of which was entered in the court of common pleas, in accordance with the provisions of the act of April 11, 1862, sec. 13, P. L. 474. Defendant's bond was then certified from the quarter sessions to the common pleas, and judgment thereon entered for the amount of the balance shown by the settlement. Defendant took a rule to open the judgment. In support of the rule, he showed that he had never been furnished by the board with a warrant for collection of the taxes.

The court, GREEN, J., after stating the facts, and stating that the court was given no power to review the action of the school board in the settlement, concluded as follows:

"It is alleged that the collector and his bail are absolved from liability, because a warrant to collect did not accompany the duplicate of the school tax, which was put into the hands of the collector. It appears to have been an oversight of which the collector was as ignorant as the board. The collector never demanded a warrant. If he had, no doubt it would have been given him. It does not appear that the want of a warrant ever prevented him from collecting any part of the tax, or that any one resisted his authority or refused to pay on that account. Not having suffered, by reason of the omission, it will not avail him as a defence to this proceeding.

"Quite a great deal of testimony has been taken and has been submitted to us. It does not show any irregularity in the proceedings before the board in relation to the settlement with the collector. He seems to have been given a full and fair hearing and that is all he could ask for. Having had that, we have not the power to give him relief by opening the judgment and rehearing his matter of complaint.

"And now, July 13, 1891, rule to open and strike off judgment is discharged."

Defendant appealed.

*Errors assigned* were, (1) discharging the rule to open the judgment; (2) failure to open the judgment and admit defendant to make defence thereto.

*John W. Ryon,* with him *George W. Ryon* and *James Ryon,* for appellants.—The law is mandatory and requires -that the school authorities shall on or before the first day of August of each year issue the duplicate to the collector of taxes "with their warrants attached:" Act of June 25, 1885, sec. 4., P. L. 187. See also act of May 8, 1854, sec. 31, P. L. 624.

"The authority of a collector of taxes to collect is his warrant. . . . Without a warrant a collector becomes a trespasser as soon as he meddles with the property of a taxpayer:" THOMPSON, C. J., in Hilbish v. Hower, 58 Pa. 93. See also Cunningham v. Mitchell, 67 Pa. 78; Pearce v. Torrence, 2 Grant, 82; Stephens v. Wilkins, 6 Pa. 260; Bouck v. Supervisors, 1 Am. L. Reg. (O. S.) 125.

*C. E. Breckons, E. A. Beddall* with him, for appellee.—A warrant is not *essential* to a duplicate. A warrant is only needed by a collector when taxables refuse to pay and he is obliged to have recourse to distress to collect. In the absence of a warrant the collector may bring suit for taxes: McCracken v. Elder, 34 Pa. 239.

Hilbish v. Hower, 58 Pa. 93, and the other cases cited for appellant, were cases where the collector attempted to use the powers of distress, or was charged with trespass. They are not applicable to the present case. There is no claim here that the absence of the warrant caused any detriment to the collector.

The opening of a judgment entered upon warrant of attorney is within the discretion of the common pleas. The act of 1877 made their action reviewable only upon the question whether their discretion was rightly exercised: Act of April 4, 1877, P. L. 53; Wernet's Ap., 91 Pa. 319; Kneedler's Ap., 92 Pa. 428; Wise's Ap., 99 Pa. 193; Jenkintown Bank's Ap., 124 Pa. 344; Applebee's Ap., 126 Pa. 385.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

This was an appeal from the refusal of the court below to open a judgment entered upon a bond, given by the defendant and his sureties for the collection of the school taxes of the borough of Shenandoah. In accordance with the 13th section

of the act of April 11, 1842, the school board of said borough filed a certificate in the court below, attested by the president and secretary of the said board, showing a balance due, on settlement, from said John A. Titman, collector, of $2,046.47. We cannot review said settlement, nor are we asked to do so. The only question for our consideration is, whether the court below, in the exercise of its equity powers, was justified in refusing to open the judgment. The ground upon which the defendant claims this relief is, that he had never been furnished with a warrant for the collection of the taxes. It appears that he accepted a duplicate, but for some reason, probably the mutual ignorance of the parties, he had never been furnished with a warrant, nor had he ever demanded one. He accepted the duplicate, and proceeded to collect a large portion of the taxes. He thus became a collector de facto, and it does not appear that he suffered any loss by reason of the absence of a warrant. It is conceded that he would have been furnished with a warrant at any time, had he asked for it. Under these circumstances, we do not think he has any equity which would require the court below to open the judgment. It follows that the refusal to open it was not an abuse of discretion. The judge to whom such an application is made acts as a chancellor and, upon appeal, this court will only see that his discretion has been properly exercised: Wernet's Ap., 91 Pa. 319; Jenkintown National Bank's Ap., 124 Pa. 337.

Judgment affirmed.