# Fuel City Mfg. Co. *v.* Waynesburg Products Corporation, Appellant.

*Judgment—Opening judgment by default—Mistake of counsel—Act of May 14, 1915, P. L. 483—Practice, C. P.*

1. Relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits. The Act of May 14, 1915, P. L. 483, makes no change in this respect.

2. A judgment for $12,000 entered for failure to file an affidavit of defense within fifteen days from service of statement, will be opened, where defendant petitions to open the judgment six days after its entry, files an affidavit of defense on the merits, and shows that its counsel misapprehended the new practice under the Act of May 14, 1915, P. L. 483, as to filing an affidavit prior to the return day, and also relied upon an agreement of the bar that judgment should not be taken for default during a period set as a vacation.

3. Section 12 of the Act of May 14, 1915, P. L. 483, is to be construed to mean that a defendant, who has not filed his affidavit of defense within fifteen days, is in default and liable to have judgment entered against him but not as a prohibition against filing the affidavit after the time limit, where judgment has not been entered, or, if entered, upon a rule to open it.

*Appeals—Judgments—Opening judgment—Act of May 20, 1891, P. L. 101—Abuse of discretion.*

4. The Act of May 20, 1891, P. L. 101, authorizes an appeal from a decision on an application to open a judgment. While such application is an appeal to the discretion of the court, its action will be reversed where such action is expressly based upon legal grounds which are untenable, or where there has been an abuse of discretion.

5. To deprive a party of trial by jury in a case involving over $12,000, because of an honest oversight of counsel, speedily corrected, constitutes an abuse of discretion.

*Practice, C. P.—Amendment—Mistake in name of defendant corporation.*

6. Where, in a writ and statement served upon a defendant corporation, there is a mistake as to its corporate name, the mis-

take may be corrected by amendment after judgment, without opening the judgment.

7. The act allowing amendments contains no restrictions as to the time of making them.

Argued October 5, 1920. Appeal, No. 119, Oct. T., 1920, by defendant, from order of C. P. Greene Co., Sept. T., 1919, No. 50, refusing to open judgment, in case of Fuel City Mfg. Co. v. Waynesburg Products Corporation. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Reversed in part.

Rule to amend defendant's name and rule to open judgment. Also demurrer to petition to open judgment. Before Ray, P. J.

The opinion of the Supreme Court states the facts.

The court allowed the amendment, but discharged the rule to open the judgment and sustained the demurrer. Defendant appealed.

*Error assigned,* among others, was decree refusing to open judgment.

*Thos. S. Crago,* of *Crago & Montgomery,* with him *Challen W. Waychoff,* for appellant.—The court should not open a judgment taken by default upon a defective record to correct such defect while defendant's rule is pending to open such judgment without, at the same time, opening the same for both parties: Thompson v. Musser, 1 Dallas 457; Kille v. Ege, 82 Pa. 102; Duffey v. Houtz, 105 Pa. 96; Wright v. Eureka Tempered Copper Co., 206 Pa. 274; Gould v. Gage, 118 Pa. 559; Hutchinson v. Woodwell, 107 Pa. 509; McCready v. Gans, 242 Pa. 364.

The court should open a judgment entered by default, upon application of a defendant, diligent and without fault, showing a good excuse for such default and a good defense: Castle v. Reynolds, 10 Watts 51; King v.

Brooks, 72 Pa. 363; Penna. Stave Co.'s App., 225 Pa. 178; Wismer v. Rimby, 12 Montg. Co. 166; Jackson v. Van Horn, 1 Dallas 241; Mathews v. Sidle, 32 Pa. C. C. R. 460; Roth v. Pechin, 260 Pa. 450.

Where a new practice act has lately been passed and doubt as to its construction exists among the members of the bar, wrong advice, honestly given by an attorney, and honestly followed, resulting in a judgment by default, is a sufficient reason for opening the judgment and permitting the defendant a defense on the merits: Sterling v. Ritchey, 17 S. & R. 263; Saupp v. Flanigan, 7 Pa. Dist. R. 604; Farrah v. Rys., 39 Pa. C. C. R. 380.

*James J. Purman*, with him *Charles H. King*, for appellee, cited, as to amendment: McGinnis v. Valvoline Oil Works, 251 Pa. 407; Meitzner v. R. R., 224 Pa. 352; Pittsburgh, Fort Wayne, etc., R. R. v. Evans, 53 Pa. 250; Fitzgerald's Est., 252 Pa. 568; Holmes v. R. R., 220 Pa. 189; Thomas v. Dickerson, 52 Pa. Superior Ct. 507; Lockard v. Columbia Wagon Co., 30 Lanc. L. Rev. 65; Penna. R. R. Co. v. Keller, 67 Pa. 300.

As to opening of judgment: Singer v. R. R., 254 Pa. 502; Beishline v. Kahn, 265 Pa. 101; Griesmer v. Hill, 225 Pa. 545; Work v. Adams, 72 Pa. Superior Ct. 262; Exler v. Wickes, 263 Pa. 150; Rothkugel v. Smith, 70 Pa. Superior Ct. 590; Leader v. Dunlap, 6 Pa. Superior Ct. 243.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

This was an action of assumpsit upon a building contract. The summons was issued and served July 26, 1919, and was returnable the first Monday of the ensuing September. A copy of plaintiff's statement was served with the summons and thereon was endorsed a notice requiring defendant to appear and file an affidavit of defense within fifteen days. On August 14, 1919, plaintiff caused judgment to be entered against defendant in default of an affidavit of defense, and liquidated the

same at $12,338.26. Six days thereafter, on August 20, 1919, defendant petitioned the court below to open the judgment and filed therewith an affidavit of defense to the merits. As soon as the summons was served, defendant employed an attorney to defend the suit; and the failure to file an affidavit of defense, within the fifteen days, resulted entirely from an oversight on his part. The annual vacation of the Waynesburg Bar Association, of which counsel on both sides were members, extended that year from July 15th to August 23d, and defendant's attorney was absent from home when the judgment was entered and for some days prior thereto. Noticing that the summons was returnable the first Monday in September, he overlooked the provision of the Practice Act of 1915, P. L. 483, 484, and the notice on plaintiff's statement, and wrote defendant that it would have until the return day in which to file an affidavit of defense. To the petition to open the judgment, setting up, inter alia, the cause of the default as above stated, plaintiff filed a demurrer, which the court below sustained and discharged the rule to open the judgment; whereupon defendant brought this appeal.

The rule to open the judgment should have been made absolute. It is well settled in Pennsylvania, that relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits. Our decision, in Beishline v. Kahn et al., 265 Pa. 101, construing the Act of 1915 as permitting judgment to be entered, for want of an affidavit of defense, before the return day, had not then been published and defendant's attorney apparently had in mind the former practice. This, under the circumstances, was not such default as should have called down upon the client so drastic a penalty. In Sterling v. Ritchey, 17 S. & R. 263, this court opened the judgment, upon facts somewhat similar to the present, Chief Justice Gibson de-

claring, "A court ought not to enforce its rules so rigidly as to produce injustice." Opening the judgment in such case is the proper practice: See Davidson v. Miller, 204 Pa. 223; Roth v. Pechin, 260 Pa. 450; King et al. v. Brooks et al., 72 Pa. 363. We are satisfied from the multitude of decisions of the lower courts, called to our attention, and from our experience, that it is and long has been the uniform practice throughout the State to grant relief under such circumstances. This is well stated in the following opinion by the late Judge WARREN J. WOODWARD, in Hinton v. Hart et al., 1 Woodward 97: "The application on the part of the defendants for relief has been made with reasonable promptness. The neglect to file an affidavit in proper time is proved to have been the result of accident and mistake. There has been no fault chargeable to the account of the party, and the oversight of his counsel ought not to prejudice him. The affidavit now filed sets out a defense on which a jury ought to pass. The uniform practice of the courts is to open judgments by default where the defendant comes in promptly, excuses his default, and shows that he has a defense. The rule to show cause is made absolute." In fact, the power of the court to open a judgment, entered by default, and let the defendant into a defense cannot be doubted, and the Practice Act of 1915, makes no change in that respect. The case of Work v. Adams, 72 Pa. Superior Ct. 262, when its facts are examined, is not an authority to the contrary. However, in the language of our Brother KEPHART, in Rothkugel v. Smith, 70 Pa. Superior Ct. 590, 591: "To have a judgment opened that has been taken by default, there must be sufficient reasons to move the conscience of the judge who sits as a chancellor and convince him that an injustice has been done."

The court below relied upon the principle stated in Ward v. Letzkus, 152 Pa. 318, and in Houk v. Knop, 2 Watts 72, to the effect that the default of the attorney is visited upon the client, on the ground of agency, and

affords no ground for relief. However, those cases refer to the neglect of counsel to file transcripts for appeals from justices of the peace within the time allowed by statute. That principle has not been extended to judgments entered by default. The cases are not parallel. The statute requires the transcript for appeal to be filed on or before a certain date and it cannot be filed thereafter, while an affidavit of defense may be filed after the stated time, unless judgment has been taken for want thereof: Bordentown Banking Co. v. Restein, 214 Pa. 30. True, section 12 of the Practice Act of 1915, P. L. 485, says, "The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him"; and section 17, P. L. 486, provides that, "In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense." We construe the above to mean that a defendant, who has not filed his affidavit of defense within the fifteen days, is in default and liable to have judgment entered against him, but not as a prohibition against filing the affidavit after the time limit, where judgment has not been entered, or, if entered, upon a rule to open it; and section 22 of said act expressly confers upon the court the power to extend the time for filing any pleadings.

The Act of May 20, 1891, P. L. 101, authorizes an appeal from the decision of the court upon an application to open judgment. While such application is an appeal to the discretion of the court, its action thereon will be reversed where, as here, it is expressly based upon legal grounds which are untenable (Danboro & P. T. R. D. Co. v. Bucks Co., 258 Pa. 392; First National Bank of Birmingham v. Fidelity T. & Tr. Co. Adm., 251 Pa. 536; Gemas's License, 169 Pa. 43; Knoblauch's License, 28 Pa. Superior Ct. 323; Windber Brewing Company No. 2's License, 54 Pa. Superior Ct. 287); as it also may when, as in this case, it is a deduction from admitted facts: Woodward v. Carson, 208 Pa.

144.   Action of the court in such case will also be reversed whenever it amounts to an abuse of discretion. See Com. v. Titman, 148 Pa. 168; Kelber v. Plow Co., 146 Pa. 485; Ilyus v. Buch, 34 Pa. Superior Ct. 43.   To deprive a party of trial by jury in a case involving over $12,000, because of an honest oversight of counsel, corrected within six days, constitutes an abuse of discretion.

The alleged agreement among the members of the bar association to the effect that judgment should not be taken for default in vacation time, not being in writing, might not justify disturbing the judgment, but at least tends to mitigate the mistake of counsel.

The writ and statement were served upon the defendant, but there was a mistake as to its corporate name. This the trial court properly allowed plaintiff to amend after judgment: New York & Pa. Co. v. N. Y. Cent. R. R., 267 Pa. 65, 76; Fitzgerald's Est. (No. 1), 252 Pa. 568, 573; Pittsburgh, etc., R. R. Co. v. Evans, 53 Pa. 250, 255; Smith v. Hood & Co., 25 Pa. 218; Meitzner v. Balt. & Ohio R. R. Co., 224 Pa. 352; and such amendment did not necessitate opening the judgment.   The act allowing amendments contains no restrictions as to the time of making them: Ward v. Stevenson, 15 Pa. 21.

The technical irregularities in appellant's paper-book, called to our attention by appellee, are not such as to justify dismissing the appeal.

The order discharging the rule to open the judgment is reversed, the rule is reinstated and now made absolute, with a procedendo.