## Bushong v. Evans.

*Judgment by default—Failure to serve affidavit of defence—Power of prothonotary—Practice, C. P.*

1. Where an affidavit of defence has been filed in the prothonotary's office, but a copy thereof has not been served upon plaintiff, the prothonotary has no power to enter judgment for plaintiff "for want of an affidavit of defence."

*Judgment—Opening judgment—Oversight of counsel.*

2. Where a judgment has been entered by default because of an oversight of counsel, and an application to open has been promptly made and an affidavit filed showing a defence on the merits, the judgment will be opened.

Rule to open judgment. C. P. Chester Co., Jan. T., 1922, No. 75.

*W. E. Bushong,* for plaintiff; *T. D. Wade* and *John N. Guss,* for defendant.

HAUSE, J., Jan. 9, 1922.—Plaintiff, a member of this bar, sues to recover a balance due for professional services. The writ and the plaintiff's statement of claim were served on Nov. 29, 1921. An affidavit of defence, properly answering the claim, was filed Dec. 8, 1921, but, owing to some neglect or oversight in defendant's counsel's office, it was not served on plaintiff.

On Dec. 19, 1921, plaintiff directed the prothonotary to enter judgment against defendant by default "for want of an affidavit of defence," and judgment was entered. The direction to enter judgment was accompanied by plaintiff's sworn statement that the affidavit had not been served. The pending rule to open the judgment with the testimony taken presents two questions: First. Had the prothonotary any legal authority to enter the judgment? and second. If he had, should the defendant suffer for what his counsel failed to do?

That the prothonotary was without authority to enter the judgment "for want of an affidavit of defence" is, we think, clear. When he entered the judgment for the reason he did, there was on file in his office defendant's affidavit of defence drawn in accord with the Practice Act of May 14, 1915, P. L. 483, and when this affidavit was filed, and it was filed in time, the case was "at issue" and was ready for trial. As to the legal sufficiency of the affidavit, no question is or could be successfully raised. The 2nd section of the act referred to provides that "the pleadings (in an action) shall consist of plaintiff's statement of claim, the defendant's affidavit of defence, &c., and when the affidavit of defence . . . is filed, the pleadings shall be closed and the case shall be deemed to be at issue." It is the act of filing the affidavit that raises the issue. Nowhere in the act is service of the affidavit made a prerequisite to raising the issue, and it must follow that, when an issue is thus presented,

no judgment can be entered unless the affidavit of defence be successfully attacked for lack of substance under the 17th section of the act, and then judgment can be entered by "the court."

In the absence of statutory authority, a judgment can only be pronounced by a competent judge or a court (1 Black on Judgments, § 1), and "law and justice unite in declaring a person shall have an opportunity of being heard, unless he has waived it, before judgment shall be pronounced against him:" Murdy v. McCutcheon, 95 Pa. 435.

Here, not the court, but the prothonotary pronounced judgment against the defendant for a default that had no existence. This officer acts in a ministerial, not a judicial, capacity, and in the exercise of power, he is strictly limited to the cases mentioned in the statutes: 15 Ruling Case Law, 667, § 116. "No intendments can be made in support of the validity of his acts, and unless he conforms strictly to the provisions of the statute, his proceedings will be irregular and not binding:" 1 Black on Judgments, § 88.

If defendant's real default had been made known to the prothonotary, the latter would have been requested to enter judgment for "failing to have served a copy of the affidavit of defence." Does the act authorize the officer to enter such judgment? The defendant's default authorizes the officer to move in only two instances: "For want of an affidavit of defence, or for any amount admitted or not denied to be due:" Section 17. Nowhere in the statute is he authorized to enter judgment because of the default here present. When the statute authorizes him to enter judgment "for want of an affidavit of defence," that means, as the Supreme Court has said, "that a defendant who has not filed his affidavit of defence within the fifteen days is in default and liable to have judgment entered against him:" Fuel City Manuf. Co. v. Waynesburg Products Corp., 268 Pa. 441. "The judgment for want of an affidavit is a judgment for default, and if there is no default at the time it is entered, it is irregular and void:" Bordentown Co. v. Restein, 241 Pa. 30. It is clear, therefore, that the default here, upon which the judgment should have been directed, if it can have any basis whatever, was not one of which the prothonotary could take cognizance. There was no "want of an affidavit of defence," and, therefore, no default upon which he could act. When the judgment was entered, he was confronted with an affidavit of defence previously filed, and, whether filed in time or out of time, he could not act: Fuel City Manuf. Co. v. Waynesburg Products Corp., 268 Pa. 441.

If it be conceded that the defendant is in default because he neglected to serve his affidavit of defence, the Practice Act will be searched in vain to discover how the defendant shall suffer therefor. The 12th section of the act says that "the defendant shall file an affidavit of defence within fifteen days from the day when the statement was served upon him." It further says that "it shall be served upon the plaintiff or his attorney." When shall it be served? If not served, can judgment be entered even by the court for this neglect? The act is wholly silent on both these questions, and until the legislature speaks, we are not disposed to sustain a judgment entered by authority that, at best, is only implied. When the statute expressly authorizes the prothonotary to enter judgment "for want of an affidavit of defence," there is no statutory support for a judgment under that denomination when the default was the failure to serve the affidavit. And if the legislature intended that such judgment should be entered, it is inconceivable that it should not have so said.

Aside from what we regard as a total lack of authority for the entry of the judgment, the judgment resulted solely from the "oversight of counsel." The

2 D. & C.

application to open it was promptly made, and the affidavit discloses a defence on the merits of plaintiff's case. Under such circumstances, it becomes our duty to open the judgment: Fuel City Manuf. Co. v. Waynesburg Products Corp., 268 Pa. 441.

The rule is, therefore, made absolute.