## Gross v. Dickinson.

*Practice, C. P.—Trespass—Affidavit not to be filed after fifteen days from service of statement—Practice Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, after the lapse of fifteen days from the service of the statement of claim, no affidavit of defence can be filed without leave of court first obtained for cause shown.

2. It is immaterial that plaintiff has not filed of record proof of service of the statement; there is nothing in the Practice Act requiring plaintiff to file such proof.

Rule to show cause why affidavit of defence should not be stricken from the record. C. P. No. 2, Phila. Co., Sept. T., 1923, No. 5995.

*Maurice G. Weinberg*, for plaintiff; *Layton M. Schoch*, for defendant.

Lewis, J., May 13, 1924.—Suit was brought herein by summons in trespass, returnable to the first Monday of November, 1923. A statement of claim was filed on Nov. 10, 1923, in which damages were claimed for personal injuries sustained through alleged negligence in the operation of an automobile owned by defendant and averred to have been driven by an agent, servant or employee of such defendant. A copy of this statement, with notice to file an affidavit of defence, was duly served on defendant's attorney. No affidavit of defence was filed and the case was ordered on the trial list, appearing on the daily printed calendar for trial on March 19, 1924. One day prior to the day fixed for trial, or on March 18, 1924, defendant's substituted counsel, without leave of court, filed an affidavit of defence denying the agency in the operation of the car. The case being continued, on plaintiff's plea of surprise, a rule was taken to strike off the affidavit of defence. Defendant resists this rule by asserting a right in him to file an affidavit of defence, without leave of court, at any time before his default is evidenced of record by the plaintiff filing an affidavit of service of the copy of the statement of claim and notice to file an affidavit of defence. Defendant relies upon the recent case of Fuel City Manuf. Co. v. Waynesburg Products Corporation, 268 Pa. 441, an action of *assumpsit*, wherein the Supreme Court construes section 12 of the Practice Act of 1915 to mean that a defendant is not prohibited from filing an affidavit of defence after the fifteen-day time limit, where judgment has not been entered against him for default. We do not regard this decision as applicable to practice in trespass actions, for the consequence of a defendant's failure to file an affidavit of defence to the statement in trespass is fixed by law and is effective without affirmative action by plaintiff. In *assumpsit* actions there is no penalty unless and until plaintiff acts to have a judgment entered for default, but in trespass the failure to file an affidavit within fifteen days after service of a copy of the statement and usual notice operates as an admission

of certain facts that might otherwise have been put at issue. These facts thereupon are excluded from the issues to be tried. We are of opinion that, after the lapse of the fifteen days, no affidavit of defence can be filed by defendant without leave of court first obtained for cause shown, regardless of whether plaintiff has filed of record proof of the service. There is nothing in the Practice Act requiring plaintiff to file such proof.

Therefore, the rule to strike from the record the affidavit of defence filed on March 18, 1924, is made absolute.