## Gorman *v.* Sullivan, Appellant.

*Trials—C. P.—Proceeding in absence of counsel—Right to subsequent cross-examination—Refusal.*

In a trial of an action of trespass it was proper for the judge to order the trial to proceed in the absence of counsel for defendant, when the record disclosed that the attorney knew the case was on the list and that an effort had been made to secure his attendance.

Under such circumstances, when the counsel appeared before the conclusion of the examination of the plaintiff's second witness it was error to refuse to allow him to call for cross-examination the first witness whose examination in chief had been completed.

"A court ought not to enforce its rules so rigidly as to produce injustice."

Argued October 22, 1924.    Appeal, No. 141, Oct. T., 1924, by defendant, from judgment of Municipal Court, of Philadelphia, Jan. T., 1923, No. 106, on verdict for, plaintiff in the case of Edward P. Gorman and James, Frank, Copartners, trading as Gorman and Frank, v. George R. Sullivan.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $481.54 and judgment thereon.  Defendant appealed.

*Error assigned* was the refusal to allow counsel for the defendant to cross-examine a witness for the plaintiff.

*Herman Muller,* for appellant.—The defendant did not know that the case was on the list for trial and the oversight of defendant's counsel should not be visited on

the client: Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441; Reibstein v. Abbott's A. Dairies, 264 Pa. 447.

It was an error to refuse to allow the cross-examination of the plaintiffs' witness: Com. v. Titman, 148 Pa. 168; Kelber v. Plow Co., 146 Pa. 485; Ilyus v. Buch, 34 Pa. Superior Ct. 43.

*Jacob Weinstein,* and with him *Joseph J. Fischer* and *Martin Silvert,* for appellee.—The court did not abuse its discretion in refusing to permit the cross-examination of the witness: Engle v. Capital Fire Insurance Co., 75 Pa. Superior Ct. 399; Com. v. Eisenhower, 181 Pa. 476; Covanhovan v. Hart, 21 Pa. 495, 13 C. J. 145; Coleman v. Hess, 1 Browne 240-1811.

OPINION BY PORTER, J., December 12, 1924:

This is an action to recover damages alleged to have resulted from the negligent operation of an automobile of the defendant when it came into collision with a truck owned by the plaintiff company. The defendant appeals from the judgment entered against him upon the verdict of the jury. The only assignment of error refers to the refusal of the court below to allow counsel for the defendant to cross-examine the driver of plaintiffs' truck, who was the only witness called by the plaintiffs who testified as to the circumstances under which the collision occurred.

The case was called for trial and the jury sworn in the absence of the defendant and his counsel. The statements of counsel for the defendant, as well as the record of the case, clearly disclosed that the absence of counsel for the defendant was due entirely to his own negligence, that he knew the case was to be on the trial list upon the day on which it was called but assumed that it would not be called until late in the day, but the case was reached earlier than he expected, a thing which every practicing lawyer knows is likely to happen. The record shows that an effort was made to obtain the attendance

of counsel for the defendant, and the court did not err in ordering the trial to proceed in his absence: Birdsong v. Polinsky, 58 Pa. Superior Ct. 517. Counsel for the defendant did, however, get into court during the examination of the second witness called by the plaintiff and cross-examined that witness. That witness had repaired the truck of the plaintiffs and testified only as to the condition of the truck and the extent of the injuries to it and the cost of putting it into condition after the collision. Counsel for the defendant then asked leave to cross-examine the driver of plaintiffs' truck, whose examination in chief had been completed during the absence of said counsel. The court below refused to allow counsel for defendant to cross-examine the witness, the only one who testified on behalf of plaintiffs as to the circumstances connected with the accident, and granted an exception to the ruling. The trial was still in progress, the defendant had not called any witness nor had his case been opened to the jury, and to have permitted the cross-examination of the witness would not have interfered with the orderly presentation of the evidence. It is true the conduct of counsel for the defendant had been such as to try the patience of the court, but we are of opinion that the cross-examination of the witness ought to have been permitted. Cross-examination is a long-established and well-recognized means essential to the discovery of the truth and is in many cases vital to the administration of justice. The cross-examination of plaintiffs' driver might, in this case, have brought out a more full and accurate account of the accident, and made more clearly to appear the negligence, or lack of it, charged upon the defendant. The negligence of defendant's counsel ought not, under the conditions here presented, to have been visited upon the client, to the extent of depriving him of the right to cross-examine this particular witness. "A court ought not to enforce its rules so rigidly as to produce injustice": Fuel City Mfg. Co. v. Waynesburg P. C., 268 Pa. 441. The assignment of error is sustained.

The judgment is reversed and a new venire awarded.