## Gaston v. Tsagrinos.

*Practice, C. P.—Certiorari to magistrate—Failure of magistrate to make return within ten days—Negligence of attorney and magistrate—Allowing return nunc pro tunc notwithstanding violation of Rule 18.*

1. Where the objection to a judgment entered by a magistrate is that there was no legal service of the summons and the defendant has caused a *certiorari* to be issued and served within the time prescribed by the statute and the magistrate has failed to return the record within ten days after the writ was issued, as required by Philadelphia Rule 18, although he had led the defendant's attorney to believe that the record would be duly returned, a rule to show cause why the *certiorari* should not be dismissed will be discharged, notwithstanding the failure of defendant's attorney to apply, within forty-eight hours after he had learned that the record had not been returned, for a rule on the magistrate to return it at once as required by the rule.

2. Rules are indispensable aids in the routine business of courts, but they are to be administered in subordination to the rights and equities of suitors and are not to be instrumentalities to defeat them.

Rule to show cause why writ of *certiorari* should not be dismissed. C. P. No. 5, Phila. Co., June T., 1925, No. 379.

*A. L. Tucker*, for plaintiff; *J. P. MacElree* and *W. J. Ballen*, for defendant.

MONAGHAN, J., Sept. 23, 1925.—The judgment was entered against the defendant in a suit in *assumpsit* before a magistrate on April 30, 1925. A writ of *certiorari* issued at the instance of defendant on May 15, 1925, and was served on the magistrate on May 19th. The attorney for defendant filed exceptions to the magistrate's record on June 10th. Return of the *certiorari* or the record had not then been made to the prothonotary.

The plaintiff, upon receiving notice of the exceptions, presented his petition for rule to show cause why the writ of *certiorari* should not be dismissed, and for his reason assigned the failure of defendant to apply, as provided by Rule 18 of the Courts of Common Pleas, for a rule on the magistrate to return the writ.

The defendant filed an answer, in which he avers that his attorney had, on the 4th, 6th, 7th and 8th days after the issuance of the writ, importuned the

Gaston v. Tsagrinoc.

magistrate to make return of it and the magistrate had promised, but neglected so to do. On the eighth day, May 23rd, the magistrate informed the defendant that he had sent his constable with the record to the prothonotary, who had refused to accept it. The attorney, after investigation, informed the magistrate that the prothonotary had refused to accept the record because it was not accompanied by the, certiorari.

On May 24th, the attorney, who had the record in his possession for the purpose of obtaining an accurate copy, delivered it into the possession of a constable, at the direction of the magistrate, and, relying on the assurance of the magistrate and the constable that the writ and record would be lodged immediately in the prothonotary's office, did not concern himself further about it.

Depositions were not taken in support of or against the rule. The averments of the answer must be regarded as true.

In Rule 18 it is provided: "The party suing out a writ of certiorari shall have the record returned within ten days after its issue. If it is not so returned and he does not, within forty-eight hours, apply for a rule upon the magistrate to return it at once, the writ will be dismissed upon a rule to show cause."

The omission to apply for a rule on the magistrate to return the writ was due to the neglect or oversight of defendant's attorney; who, no doubt, honestly relied on the repeated assurances given him by the magistrate.

Rules are indispensable aids in the routine business of courts, and to this only they properly apply; they are to be administered in subordination to the rights and equities of suitors and are not to be instrumentalities to defeat them. . . . When a failure to comply with a rule of court is the result of haste, mistake or surprise, and positive injury is likely to ensue to the party, courts will not adhere to it simply on account of the rule at the expense of justice and the rights of parties: Magill's Appeal, 59 Pa. 430. A court ought not to enforce its rules so rigidly as to produce injustice: Fuel City Manuf. Co. v. Waynesburg P. C., 268 Pa. 441; Gorman v. Sullivan, 84 Pa. Superior Ct. 161.

The administration of justice may require that a defendant who must act by an attorney, an officer of the court, should not suffer from the oversight of such officer, and that it is equitable to relieve against such oversight of counsel: Noll v. Royal Exchange Assurance Corp., 76 Pa. Superior Ct. 510.

Judgments by default from oversight by counsel have frequently been opened: Fuel City Manuf. Co. v. Waynesburg P. C., 268 Pa. 441; Gorman v. Sullivan, 84 Pa. Superior Ct. 161; Thermo Water Lift Co. v. Air Tight Steel Tank Co., 272 Pa. 91.

The defendant caused a certiorari to be issued and served within the time prescribed by statute. His objection to the judgment entered against him is that there was no legal service of the summons. If this be so, the magistrate was without jurisdiction. The lack of jurisdiction may appear in the record; or the return of the constable, although regular on its face, may be shown by depositions to be invalid: Holly v. Travis, 71 Pa. Superior Ct. 527.

If the certiorari is dismissed because of the oversight of counsel, the defendant may be deprived of a valuable right and a grave injustice may be done him. On the other hand, if there was a legal service of the summons, plaintiff cannot be injured.

Immediately after the argument on the rule just discussed, the defendant presented a petition, which was allowed, for a rule on the magistrate to show cause why his record of the case should not be returned nunc pro tunc. In

response to the rule, the magistrate, on June 19, 1925, filed the *certiorari*, together with his record, in the prothonotary's office.

The rule to show cause why writ of *certiorari* should not be dismissed is discharged and the rule taken by defendant to show cause why the record should not be returned by the magistrate *nunc pro tunc* is made absolute.