## O'Brien v. Paul R. Hostetter Company.

*Myers & Myers*, of the Cumberland County Bar, and *John E. Brenneman*, for plaintiff.

*Cochran, Williams & Kain*, for defendant.

Niles, P. J., Dec. 23, 1927.—In this action of trespass plaintiff's statement was served with the summons on the defendant April 12, 1927. No affidavit of defense was filed within the fifteen days from the date when the statement was served. The case was set down for the first court at which it could be tried, Sept. 12, 1927. Sept. 12th, the first day of the court, defendant, with leave of court, filed an affidavit of defense which denied the ownership or possession of the property through the instrumentality of which the plaintiffs were alleged in their statement to have been negligently injured, and the case continued upon the usual terms. Subsequently, plaintiff's counsel moved the court to strike off this belated affidavit of defense.

It is urged on behalf of plaintiff that under the Practice Act of 1915, in an action of trespass, no affidavit of defense may be filed after fifteen days from the service of the statement; that, in accordance with section 18, failure to file an affidavit of defense within the required time puts the case at issue and prevents the defendant from denying or offering any evidence at the trial regarding plaintiff's allegation to the effect that the act complained of was committed by the defendant, or its agents or employees, or the ownership or possession of the instrumentality involved, in accordance with section 13 of the Practice Act, but that such allegations in plaintiff's statement must be

considered as absolutely admitted without the production of any evidence by plaintiff. This proposition comes up for decision now and will be considered just as if it arose upon defendant's motion, rule granted thereon and answer filed by plaintiff.

Notwithstanding the earnest and learned argument of plaintiff's counsel, we are not convinced that the Practice Act of 1915 should be so construed as to accomplish the result urged by plaintiff.

The purpose of the Practice Act is to promote a system of pleading to the end that material facts specifically alleged shall be taken as admitted, unless specifically denied by the other party. The affidavit of defense is a pleading and is subject to the provisions of section 21 regarding amendments and new pleadings, as well as the previously existing provisions for amendment and alteration of pleas or defenses on or before the trial of the cause. Upon this record and the circumstances revealed, defendant's application to amend was made with reasonable promptness and the delay sufficiently excused, and the allowance upon terms did not, in our opinion, violate any of plaintiff's legal rights or produce injustice to them. On the other hand, refusal of the right to amend would make possible a verdict and judgment against defendant for an injury for which it might be in no way responsible. A defendant is not prohibited from filing an affidavit of defense after fifteen days, and the court has full power, under section 22 of the Practice Act, to extend the time for filing the pleadings: Fuel City Manuf. Co. v. Waynesburg Products Co., 268 Pa. 441. Plaintiff's counsel endeavors to draw a distinction between the power to extend the time before it has fully elapsed and permission to file after the original period has expired. We do not consider this a substantial distinction.

And now, to wit, Dec. 23, 1927, the rule granted Sept. 12, 1927, upon plaintiff's petition to strike off defendant's affidavit of defense is discharged and the prayer of the petition refused.