Page *v.* Patterson, Appellant.

Argued May 2, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*S. Leo Ruslander,* and with him *Samuel Kaufman,* for appellant.

*W. Davis Graham,* for appellee.

Opinion by Keller, J., July 14, 1932:

Judgment was entered in the county court of Allegheny County in favor of the plaintiff and against the defendant in an action of assumpsit for $822.80, in default of an answer.

Following the issuing of an attachment execution and a writ of fieri facias the defendant filed a petition asking the court to open the judgment, dissolve the attachment and stay the writ of fieri facias, and obtained a rule to show cause. The ground set up for this prayer was that the judgment had been entered through no fault or neglect on the part of the defendant, but due to inadvertence or oversight on the part of his counsel, who although instructed to do so in ample time, had failed to prepare and file the answer so as to prevent judgment by default.

The plaintiff filed an answer to the rule, denying the material averments of the petition. No depositions were taken on behalf of the defendant and no answer accompanied the petition, setting up his defense to the plaintiff's case, though certain matters of defense were set up in the petition itself. No statement or affidavit of the defendant's counsel was presented explaining in any way the delay in filing an aswer.

The court refused to open the judgment and permit the defendant to file an answer.

We have no doubt of the power of the county court, in proper cases, to open a judgment entered by default and let the defendant into a defense. The act creating the court (May 5, 1911, P. L. 198), and its amendments,

do not prohibit or interfere with the inherent power of the court to open such a judgment if justice and equity require it. But it will not be done except where a sufficient excuse for the failure to act promptly is presented, and where a good and sufficient defense to the action is set forth by way of answer, or affidavit of defense, as the case may be. Our courts are accustomed to grant relief where a judgment has been entered by default as a result of the mistake or oversight of counsel, "where application is promptly made, a reasonable explanation or excuse for the default offered and a defense shown upon the merits": Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441. The mere statement that the failure to file an answer was due to inadvertence or oversight on the part of counsel, is not a sufficiently reasonable explanation or excuse to call for the application of the rule above-mentioned. Furthermore, without going into the details of the case we are of opinion that the petition did not set up a valid defense to the action upon the merits. If the goods in suit were purchased by the defendant and he denied that the prices charged were fair and reasonable, he should have averred what were the fair, reasonable and market prices for the same. On the other hand, if he denied the purchase of the goods and averred their shipment to him on approval, he should have returned the goods to the plaintiff or notified the plaintiff of his refusal to buy them and directed him to remove them, within a reasonable time, which should have been stated in the answer or affidavit.

On both grounds we are unable to convict the court below of abuse of discretion in refusing to open the judgment.

The assignment of error is overruled and the order is affirmed.