## The Robert St. Clair Company Advertising v. Community Coffee Shop, Inc.

*H. R. Van Deusen*, for plaintiff.
*Joseph J. Walsh*, for defendant.

LEWIS, J., November 29, 1937.—Action in assumpsit. The summons and the plaintiff's statement were duly served upon the defendant, which called for an affidavit of defense to be filed on or before July 19, 1936. The defendant filed his affidavit of defense on July 9, 1936,

in the office of the prothonotary of this court which was at least 10 days before the expiration of the time to file such an affidavit of defense. The defendant, however, failed to serve a certified copy of his affidavit of defense on the plaintiff's attorney as required under the Practice Act of May 14, 1915, P. L. 483. The plaintiff proceeded with a præcipe to the prothonotary's office on September 19, 1936, and entered judgment for want of an affidavit of defense. The defendant on August 25, 1937, filed a petition to strike off judgment so entered for want of an affidavit of defense and assigns as the reason, that he attempted to serve a certified copy of an affidavit of defense on counsel but did not find him in his office and he called the office by telephone many subsequent times and failed to make connections with the plaintiff's attorney. Hence, the plaintiff's attorney did not receive a copy of the affidavit of defense. The plaintiff filed a responsive answer to the defendant's petition in which a denial was made of the facts set forth in the defendant's petition and furthermore averred that the office was always open wherein service of the affidavit of defense could have been made. No depositions were taken by either side.

We will assume that the office of plaintiff's counsel was open and service of the copy of the affidavit of defense could readily have been made. The plaintiff in his brief has cited two cases arising in our courts: Wright Wire Co. v. Levi, 20 Lack. Jur. 78, and Junior-Marion Co. v. Cummings, 20 Lack. Jur. 112.

We are of the opinion that the entry of a judgment by the plaintiff on his præcipe on September 19, 1936, was wholly void and without warrant of law, for the reason than an affidavit of defense was filed within time and the prothonotary in entering a judgment exceeded his authority. It will be noted that the judgment was entered for want of an affidavit of defense, notwithstanding the fact that an affidavit of defense had already been

filed when judgment was entered. The judgment was not entered for want of service upon the plaintiff of the affidavit of defense by the defendant. We are not without authority on that point as this very question was decided by the Supreme Court of Pennsylvania, in the case of Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 446, wherein the Supreme Court lays down the doctrine as follows: "True, section 12 of the Practice Act of 1915, P. L. 485, says, 'The defendant shall file an affidavit of defense to the statement of claim within fifteen days from the day when the statement was served upon him'; and section 17, P. L. 486, provides that, 'In actions of assumpsit the prothonotary may enter judgment for want of an affidavit of defense.' We construe the above to mean that a defendant, who has not filed his affidavit of defense within the fifteen days, is in default and liable to have judgment entered against him, but not as a prohibition against filing the affidavit after the time limit, where judgment has not been entered".

Hence, the judgment entered in the instant case for want of an affidavit of defense is a nullity for the reason that there was already an affidavit of defense filed within the statutory period.

However, the plaintiff also insists that the judgment entered by the plaintiff should stand for the reason that a copy of the affidavit of defense was not served upon the plaintiff as required by section 12 of the Practice Act of May 14, 1915, supra, which provides that a defendant shall file his affidavit of defense within 15 days from the date when the statement was served upon him, and that the affidavit of defense should be served upon the plaintiff or his attorney. However, upon examination of the aforesaid act, we find that the act fixes no penalty for want of service of a copy of the affidavit of defense upon the plaintiff or his attorney.

476

We have further examined our recent court rules and do not find any rule upon the subject fixing the time of service of a copy of the affidavit of defense upon the plaintiff or his attorney. Hence, we are of opinion, in the absence of any court rule, that the plaintiff had no legal right to enter judgment for want of an affidavit of defense.

Since the preparation of this opinion, the plaintiff has filed a reply brief. We have examined the same carefully. Upon reading the affidavit of defense we find that the defendant has the semblance of · a defense. There is a method provided for under our Practice Act wherein the sufficiency of an affidavit of defense may be raised. We will not pass on the sufficiency of the affidavit of defense in this proceeding and we therefore make the following order:

Now, November 29, 1937, the rule heretofore taken by the defendant is made absolute and the judgment is stricken from the record.