## Leschinski v. W. C. Hack & Sons. No. 2

*John L. Pipa, Jr.*, for plaintiff.
*Harold F. Bonno*, for defendant.

MORGANROTH, P. J., May 10, 1943.—Plaintiff began an action of assumpsit and to the statement of claim defendant filed an affidavit of defense raising questions of law. Defendant's demurrer was dismissed on December 21, 1942, with leave to defendant to file its affidavit of defense to the merits of the case within 15 days after notice of the filing of the court's order. The time for filing the affidavit of defense expired January 5, 1943, and on January 8th plaintiff entered judgment by default for the full amount of his claim. On January 20th defendant presented its petition praying that a rule issue on plaintiff to show cause why said judgment should not be opened and defendant allowed to file its affidavit of defense, whereupon a rule was granted as prayed for, returnable February 1st. On January 29th, by agreement of counsel for plaintiff and defend-

ant, who represented that negotiations for settlement of the case were in progress and counsel for plaintiff was ill, the time for filing an answer to the rule was extended to February 15th. On February 13th, by similar agreement, the time for filing an answer to the said rule was extended to March 1st. On March 1st, plaintiff filed his answer to the rule and the matter was set down for argument on the regular argument list of April 19th, when counsel presented their arguments and filed briefs.

It appears from the pleadings that defendant's counsel, who is assistant district attorney, was required by the district attorney to accompany him on a mission involving the conduct of the office; these instructions were conveyed by the district attorney on Saturday morning, January 2nd, and counsel left town at noon on January 4th, without having arranged for the extension of time for the filing of the affidavit of defense as he had intended to do and overlooked. The matter was entirely forgotten by counsel for defendant, until he returned to his office on January 18th. In his answer to defendant's petition for the rule, plaintiff avers "that it was not necessary for petitioner to accompany the district attorney of Northumberland County on any mission in connection with the conduct of the office of the district attorney, or with Sergeant Bader or any other police officer", and "that defendant's counsel, while on the mission referred to in paragraph 5, was vacationing in Florida. Whether vacationing or not, a business mission would be no excuse for not filing an affidavit of defense on the merits of the case on or before January 5, 1943. Defendant had, by petitioner's own statement, from December 21, 1942, to noon January 4, 1943, in which to file an affidavit of defense on the merits if defendant had a meritorious defense."

While no formal testimony was taken we believe that neither counsel will deny that the assistant district at-

torney went to Georgia on an unsolved murder case, and then went on to Florida on vacation for a few days. It is evident that the failure to file the affidavit of defense was not by reason of any fault of defendant; it was an oversight on the part of counsel. It is well settled in Pennsylvania that relief will be granted from a judgment entered by default as a result of the mistake or oversight of counsel where: (1) The application is promptly made; (2) a reasonable explanation or excuse for the failure to file is offered; and (3) a defense on the merits is shown. All three of these material facts are shown in this case. The courts are accustomed to grant relief where a judgment has been entered by default as a result of the mistake or oversight of counsel when these facts appear. To deprive a party of trial by jury in such a case as this involving more than $9,000 because of an honest oversight of counsel, speedily corrected, constitutes an abuse of discretion: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, followed in Page v. Patterson, 105 Pa. Superior Ct. 438; Scott et ux. v. McEwing, 337 Pa. 273; Pinsky v. Master, Admx., et al., 343 Pa. 451. There are several cases where the application to open a judgment entered by default was denied, but in those cases the application was not made with reasonable promptness, no reasonable explanation for the failure to file a pleading was given, or no good defense on the merits was filed.

The contention of counsel for plaintiff that he had no notice of the filing of the affidavit of defense is without merit; he accepted service of a copy of the petition for the rule, to which was attached a copy of the affidavit of defense, on January 20th, the day on which the affidavit of defense was filed in the office of the prothonotary.

The issue on the merits of the case is whether or not the president of the defendant corporation had authority to enter into the agreement on which plaintiff's

478

claim is based. It is also to be noted that, if the judgment taken by default is suffered to stand, plaintiff will not only have a money judgment for the value of the stock certificates he claims defendant agreed to repurchase from him, but also the stock certificates themselves. While precise practice is desirable, and mistake or oversight of counsel is not usual and is not to be commended, this court has never put its stamp of approval on snap judgments. We are of opinion that an injustice will be done if this case is not heard upon its merits.

And now, May 10, 1943, for the reasons hereinabove given, rule granted on plaintiff to show cause why judgment entered by default for want of an affidavit of defense should not be opened and defendant permitted to file its defense to the action is made absolute.