**Fishel et ux. v. Chubb et ux.**

*Eugene R. Hartman*, for plaintiffs.

*Swope, Brown & Swope*, for defendants.

SHEELY, P. J., January 12, 1952.—As the result of an automobile accident which occurred on May 13, 1951, plaintiffs, on September 24, 1951, filed an action in trespass against defendants and the complaint was served upon defendants on September 25, 1951. On October 16, 1951, the twenty-first day thereafter, plaintiffs caused judgment to be entered against defendants for want of an appearance and for want of an answer, and set the case for trial at the January term of court to determine the amount of damages. On October 22, 1951, six days later, Donald M. Swope, Esq., entered an appearance on behalf of defendants and on October 25, 1951, filed a petition to strike off the judgment and a petition to open the judgment, which latter petition was subsequently amended by agreement of the parties. Plaintiffs have filed answers to the rules granted upon the two petitions. Both petitions will be disposed of in this opinion.

The motion to strike off the judgment as to Charles R. Chubb is based upon the failure of the complaint to allege any facts showing liability on his part. The complaint alleges that defendants are husband and wife and that defendant, Charles R. Chubb, was the owner of a 1951 Kaiser (automobile) bearing license number 1X212, which was being operated by defendant, Grace Chubb, with the knowledge and consent of her husband. There is no allegation that the wife was operating the automobile as the agent of her husband

and in the conduct of his business, or that the husband in any way had the right to control her operation of the automobile. The marital relation alone is not sufficient to establish agency (Klein et ux. v. Klein, 311 Pa. 217 (1933) ; Cox et al. v. Roehler et ux., 316 Pa. 417, 419 (1934) ; Rodgers et ux. v. Saxton, 305 Pa. 479, 484 (1931) ), and where a family car is being used something more than that fact must be shown to impose liability upon the head of the family: Mazi v. McAnlis et al., 365 Pa. 114, 119 (1950).

Plaintiffs contend that a presumption of agency arises from the use of dealer's registration tags upon the automobile. There are three answers to this. First, it is incumbent upon plaintiffs to allege agency, not the evidence by which they hope to prove agency. Second, there is no allegation that the automobile was operated with dealer's tags other than the statement that the automobile bore license number 1X212. This is insufficient. Third, no presumption of agency arises from the use of an automobile bearing dealer's tags by a member of the dealer's family: Lanteigne et ux. v. Smith et al., 365 Pa. 132 (1950).

It follows that the record is insufficient to establish liability on the part of Charles R. Chubb, and the petition to strike off the judgment as to him should be granted. However, in view of our disposition of the petition to open judgment this order will not be entered.

The basis of the petition to open the judgment is that Mr. Swope was engaged to represent defendants on October 10, 1951, but, through a mistake or oversight on his part, he neglected to enter an appearance or file an answer, and did not come across the papers in the action until October 17, 1951, the day after judgment had been entered, and on the following day he notified counsel for plaintiffs of the situation. The petition was amended by adding thereto an answer to the complaint which, if true, sets forth a good defense

to plaintiffs' claim. It was subsequently stipulated by counsel that the facts alleged as to the employment of Mr. Swope as counsel and as to the cause for his default were correct. At the time of the argument Mr. Swope submitted an additional affidavit that in the period between October 10, 1951, and October 17, 1951, he was engaged in an unusual amount of activities resulting in unusual exactions upon his time which caused his oversight in entering an appearance and filing an answer.

"It is well settled in Pennsylvania, that relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits": Fuel City Mfg. Co. v. Waynesburg Products Corporation, 268 Pa. 441, 444 (1920).

In the present case the application was made promptly and the answer submitted with the petition sets forth a good defense on the merits if it can be sustained by testimony. The facts of the case as disclosed by the complaint and the answer are that the two cars involved were proceeding in opposite directions. Each party alleges that the other failed to yield the right of way and drove over the center line of the highway. This is a question which should be determined by a jury.

Plaintiffs contend that defendants have not offered a reasonable explanation or excuse for the default. They point out that the petition does not set forth by whom Mr. Swope was engaged as counsel for defendants and suggest that he was engaged by defendants' insurance carrier. There is no evidence of this and it would not be important if there were. The fact is that counsel was engaged on October 10, 1951, by someone who had authority to act, and it is admitted by the stipulation filed of record that it was by reason of the

mistake and oversight of counsel, and through no fault of defendants, that no appearance was entered. The default is further explained by the affidavit of counsel that his oversight was due to unusual activities on his part, and plaintiffs have not contested the correctness of this statement.

Plaintiffs rely largely upon Page v. Patterson, 105 Pa. Superior Ct. 438 (1932), where defendant petitioned to open the judgment on the ground that it had been entered through no fault or neglect of his, but due to the inadvertence or oversight of counsel. An answer was filed denying the material averments of the petition. No depositions were taken, no answer accompanied the petition, and no statement or affidavit of defendant's counsel was presented explaining in any way the delay in filing an answer. The Superior Court affirmed an order refusing to open the judgment on the ground that the mere statement that the default was due to inadvertence or oversight of counsel was not a sufficiently reasonable explanation or excuse, and on the further ground that the petition failed to set forth a good defense. This case is distinguished from the present case on the ground that here the answer offered with the petition does set forth a good defense, and on the further ground that we do have the stipulation of counsel and the affidavit of defendants' counsel explaining the delay in filing an answer. Were it not for the stipulation and affidavit the situation might be otherwise.

In National Finance Corporation v. Bergdoll, 300 Pa. 540 (1930), judgment had been entered for want of an appearance. Defendant took a rule to strike off the judgment, which was refused, but the court opened the judgment giving plaintiff an opportunity to amend its statement of claim and permitting defendant to file an affidavit of defense on the merits. Nothing was done by either party for about six weeks when judg-

ment was entered for want of an affidavit of defense. Counsel for defendant admitted that failure to file an affidavit within the required time was due to his own neglect and not to neglect on the part of his client. The court referred to the default of counsel on both sides and concluded that the case should be decided on its merits and opened the judgment. The Supreme Court held that there was no abuse of discretion.

In the present case counsel for plaintiffs was diligent in causing judgment to be entered by default on the first day that such judgment could be entered, as he had a perfect right to do, particularly since he did not know that defendants were represented by counsel. The error was discovered on the following day and counsel for defendants moved promptly to correct the situation. There was no effort on the part of defendants to delay the matter, and plaintiffs will not be prejudiced by an order opening the judgment since the determination of damages is listed for trial at the January term of court, and the entire case can be tried at that term if judgment is opened. By opening the judgment plaintiffs may be given an opportunity to amend their complaint to allege agency on the part of Charles R. Chubb, and to have that question determined at the same time. The statement of the court in Hinton v. Hart et al., 1 Woodward 97 (1863), cited with approval in Fuel City Mfg. Co. v. Waynesburg Products Corporation, 268 Pa. 441, 445 (1920), is appropriate:

"The application on the part of the defendants for relief has been made with reasonable promptness. The neglect to file an affidavit in proper time is proved to have been the result of accident and mistake. There has been no fault chargeable to the account of the party, and the oversight of his counsel ought not to prejudice him. The affidavit now filed sets out a defense on which a jury ought to pass. The uniform practice of the

courts is to open judgments by default where the defendant comes in promptly, excuses his default, and shows that he has a defense."

And now, January 12, 1952, the rule to open judgment is made absolute, the answer filed by defendants with the amendment to their petition to open judgment is directed to be filed as an answer to the complaint, leave is given to plaintiffs to amend their complaint prior to January 19, 1952, to allege agency on the part of Charles R. Chubb, if they so desire, and leave is given to defendants to file an answer to such amendment prior to January 26, 1952, if they so desire. It is further directed that the case be tried on its merits at the January 1952 term of court. All costs on the proceedings to strike off and to open judgment to be paid by defendants.